CITY OF EAST LANSING v THOMPSON

Docket No. 292239. Submitted October 8, 2010, at Lansing. Decided
    December 2, 2010, at 9:05 a.m.

Cassandra L. Thompson pleaded guilty in the 54-B District Court to
    a charge of disorderly assembly for riot, a violation of the code of
    ordinances of the city of East Lansing. The court, David L. Jordon,
    J., sentenced defendant to serve 14 days in jail and to not enter
    upon any public community college, public college, or public
    university campus for one year. Defendant appealed in the Ingham
    Circuit Court, challenging the part of her sentence imposing the
    one-year ban. The circuit court, Paula J. M. Manderfield, J.,
    entered an order that quashed the part of the sentence regarding
    the one-year ban, holding that the statute that provided for the
    one-year ban, MCL 769.1g(1)(a)(*ii*), did not authorize such a ban
    for a defendant who was sentenced to incarceration. The city
    appealed by leave granted.

    The Court of Appeals *held*:

    The plain language of MCL 769.1g(1)(a)(*ii*) provides that a
    court may order an individual not to enter any campus for one year
    following the imposition of the sentence or one year following the
    completion of any term of incarceration. If the individual was also
    sentenced to a term of incarceration, the ban is in addition to the
    term of incarceration and does not begin to run until after the
    individual has completed the term of incarceration. Interpreting
    the statute as authorizing that those sentenced to jail would have
    a full year of banishment in addition to their incarceration
    advances the legislative purpose of imposing a campus ban on all
    who are convicted of any offense related to a riot, incitement to
    riot, unlawful assembly, or civil disorder on or within 2,500 feet of
    a public community college, college, or university campus, not just
    those who avoided incarceration. The order of the circuit court
    must be reversed and the district court's judgment of sentence
    must be reinstated.

    Circuit court order reversed; district court judgment of sen-
    tence reinstated.

SENTENCES — RIOTING — INCITEMENT TO RIOT — UNLAWFUL ASSEMBLY — CIVIL
    DISORDER — PUBLIC COMMUNITY COLLEGES, COLLEGES, AND UNIVERSITIES —
    BANISHMENT FROM CAMPUSES.

  A court, as part of the sentence for a conviction of any offense that
  the court determines was directly related to a riot, incitement to
  riot, unlawful assembly, or civil disorder on or within 2,500 feet of
  a public community college, college, or university campus in
  Michigan, may order the defendant not to enter any public
  community college, college, or university campus for one year
  following the imposition of the sentence or one year following the
  completion of any term of incarceration; if the defendant was also
  sentenced to a term of incarceration, the ban is in addition to the
  term of incarceration and does not begin to run until after the
  defendant completes the term of incarceration (MCL
  769.1g[1][a][*ii*]).

*McGinty, Hitch, Housefield, Person, Yeadon & Anderson, P.C.* (by *Erin E. Housefield*), for the city of East Lansing.

Before: SAWYER, P.J., and FITZGERALD and SAAD, JJ.

FITZGERALD, J. Plaintiff, the city of East Lansing, appeals by leave granted the circuit court's order that quashed the district court's imposition of a one-year ban on entering a public college or university campus as part of defendant's sentence for riotous behavior. We reverse the circuit court's order and affirm and reinstate the district court's judgment of sentence.

On August 22, 2008, defendant pleaded guilty in the district court to a charge of disorderly assembly for riot, a violation of § 26-52(10) of the disorderly conduct division of the code of ordinances of the city of East Lansing. She testified at her plea proceeding that she was present at a riot at the Cedar Street festival in East Lansing on April 5, 2008, and remained there with the intent of advancing the purpose of the riot. Before taking defendant's plea, the district court informed her of the potential punishment, including imprisonment

and, pursuant to MCL 769.1g(1)(a)(*ii*), being "ordered not to enter the campus of any institution of higher learning in the State of Michigan that's publicly supported for up to a year."

Although defendant initially challenged whether MCL 769.1g applied to this case, she withdrew her challenge at sentencing. The district court sentenced defendant to serve 14 days in jail and to observe a one-year ban from public college, university, and community college campuses. Because defendant was in the midst of a semester at Michigan State University at the time of sentencing, the district court postponed the start of the one-year ban until after the semester ended.

On appeal in the circuit court, defendant challenged that part of her sentence banning her from public college, university, and community college campuses.[1] The circuit court ruled that the district court abused its discretion by interpreting the statute as authorizing a one-year campus ban for a defendant who is incarcerated. Plaintiff sought and was granted leave to appeal in this Court.[2] The sole question before this Court is whether MCL 769.1g(1)(a)(*ii*) authorizes a one-year campus ban for a defendant who is incarcerated, or whether the campus ban is limited to the term of incarceration.

In interpreting a statute, a court's goal is to give effect to the Legislature's intent. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). A court may not construe a statute unless it is ambiguous; if the statute is unambiguous, the court will apply it as written. *Id.* If a statute is ambiguous, construction is

---

[1] Defendant also challenged the denial of youthful-trainee status; no issues regarding that denial are before us in this appeal.

[2] *East Lansing v Thompson*, unpublished order of the Court of Appeals, entered October 6, 2009 (Docket No. 292239).

permitted, and the rules of statutory construction "merely serve as guides" toward the ultimate goal of discerning the intent of the Legislature. *Niles Twp v Berrien Co Bd of Comm'rs*, 261 Mich App 308, 313; 683 NW2d 148 (2004). "[A] provision of the law is ambiguous only if it 'irreconcilably conflict[s]' with another provision or when it is *equally* susceptible to more than a single meaning." *Lansing Mayor v Pub Serv Comm*, 470 Mich 154, 166; 680 NW2d 840 (2004) (citation omitted).

MCL 769.1g(1)(a)(*ii*), provides:

> As part of the sentence for a conviction for any offense that the court determines was directly related to a riot, incitement to riot, unlawful assembly or civil disorder on or within 2,500 feet of a public community college, public college, or public university campus in this state, the following apply:
>
> (a) The court may order the individual not to enter upon any public community college, public college, or public university campus in this state as follows:
>
> \* \* \*
>
> (*ii*) If the offense is a misdemeanor, for 1 year following the imposition of sentence or, if the person is ordered incarcerated for the violation, the completion of the term of incarceration.

The plain and unambiguous language of the statute provides that the court "may order the individual not to enter upon any . . . campus . . . for" (1) one year following the imposition of sentence *or* (2) one year following the completion of any term of incarceration. Thus, if the person is also sentenced to a term of incarceration, the ban would be in addition to the term of incarceration and would not begin to run until *after* the person had completed his or her term of incarceration.

The circuit court interpreted the language in MCL 769.1g(1)(a)(*ii*) to mean that the court may order the individual not to enter upon any campus for (1) one year following the imposition of sentence *or* (2) if the person is ordered incarcerated for the violation, the completion of the term of incarceration. Thus, the circuit court concluded that a defendant who is ordered incarcerated for the violation is prohibited from entering upon the campus of any public community college, public college, or public university in this state only during the period of incarceration. In other words, the circuit court concluded that the ban applies only to those defendants who are not ordered incarcerated for the violation.

The circuit court's interpretation does not make grammatical, or syntactical, sense. "[T]he completion of the term of incarceration" refers not to a time period, but to an event, or moment. Likewise, "the imposition of sentence" is an event. Both references serve the grammatical purpose of marking when the campus ban may begin. This Court presumes that the Legislature knows the rules of grammar. *In re Messer Trust*, 457 Mich 371, 380; 579 NW2d 73 (1998); *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC*, 282 Mich App 410, 414; 766 NW2d 874 (2009).

Even assuming a statutory ambiguity, this Court must choose the interpretation that "more faithfully advances the legislative purpose behind the statute." *People v Adair*, 452 Mich 473, 479-480; 550 NW2d 505 (1996). The bill that became MCL 769.1g was intended to alleviate the problem of campus rioting by "provid-[ing] a serious punishment—banishment from public college and university campuses—for people who are involved in future incidents of rioting . . . ." House

Legislative Analysis, SB 525, November 4, 1999. That purpose is reflected in the plain language of MCL 769.1g. To read the statute, as the circuit court did, as authorizing a one-year ban for those not incarcerated, but allowing effectively no campus ban for those who are incarcerated (those who presumably commit the most serious infractions), would hobble, not advance, the legislative purpose. Rather, reading the statute as authorizing that those sentenced to jail would have a full year of banishment in addition to their incarceration advances the legislative purpose of imposing a campus ban on all who are convicted of the state crimes, not just those who avoid incarceration.

The circuit court erred by concluding that MCL 769.1g(1)(a)(*ii*) does not allow for a one-year campus ban running from the completion of incarceration. We reverse the circuit court's order that quashed that part of the district court's judgment of sentence that imposed a one-year band on entering a public college or university campus. The district court's judgment of sentence is reinstated in its entirety.