BADEEN v PAR, INC

Docket No. 302878. Submitted July 17, 2012, at Detroit. Decided April
   11, 2013, at 9:05 a.m. Leave to appeal sought.

   George Badeen and Midwest Recovery and Adjustment, Inc., indi-
      vidually and on behalf of a proposed class, brought an action in the
      Wayne Circuit Court against PAR, Inc., CenterOne Financial
      Services, L.L.C., and others. In their complaint, Badeen, a licensed
      collection agency manager, and Midwest Recovery, a licensed
      collection agency owned by Badeen, alleged, in part, that some of
      the defendants (the "forwarder defendants") were required to be
      licensed as "collection agencies" and were not so licensed. The
      forwarder defendants had contracted with certain lending institu-
      tions (the "lender defendants") to handle the collection services on
      delinquent accounts. After contracting with the lender defendants,
      the forwarder defendants retained licensed repossession agents to
      carry out repossessions on behalf of the lender defendants. Plain-
      tiffs alleged that they were harmed, in part, because repossession
      agents receive less money when hired by forwarding companies
      than when hired directly by lending institutions. Plaintiffs' com-
      plaint was filed on April 5, 2010. On May 14, 2010, plaintiffs filed
      an amended complaint, which differed from the original complaint
      only in the naming of a defendant. On July 21, 2010, PAR, Inc.,
      filed a notice of Badeen's failure to file a timely motion for
      certification that the action may be maintained as a class action,
      noting that more than 91 days had lapsed from the date the
      original complaint was filed. Other defendants filed similar notices
      or joinders in the notice. On July 30, 2010, Badeen filed a motion
      for class certification. PAR, Inc., and other defendants then filed
      motions to strike the motion for class certification as untimely.
      Badeen responded with a motion to strike the notices of failure to
      file a motion for class certification. The court, Michael F. Sapala, J.,
      held that the 91-day time limit of MCR 3.501(B), within which a
      plaintiff must move for class certification, ran from the filing of the
      original complaint, which contained class action allegations, and
      that plaintiffs' failure to timely file a motion for class certification
      did not constitute excusable neglect warranting reinstatement of
      the class action allegations. The court entered an order granting
      defendants' motion to strike Badeen's motion for class certifica-

tion and denying Badeen's motion to strike the notices of failure to file for class certification or to reinstate the class action allegations. Defendants moved for summary disposition, arguing that all plaintiffs' claims must fail because the forwarder defendants are not collection agencies under the Occupational Code, MCL 339.101 *et seq.*, and therefore are not required to be licensed collection agencies. Plaintiffs responded by arguing that the forwarder defendants must be licensed because they solicit lenders to collect claims and are "indirectly" involved in collections. The court granted defendants' motions for summary disposition on the basis that the forwarder defendants were not collection agencies. Plaintiffs appealed.

1. The trial court erred when it determined that plaintiffs' motion to certify the action as a class action was untimely under the 91-day deadline imposed by MCR 3.501(B). The Supreme Court's use of the word "a" in the court rule indicates that a plaintiff may file more than one complaint containing class action allegations. The court rule is properly interpreted as providing that within 91 days after the filing of any complaint that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action. Plaintiffs had until July 6, 2010, to move for class certification because they filed their complaint on April 5, 2010. However, MCR 2.118(A) permits a party to amend a pleading once as a matter of course as long as 14 days have not lapsed after receiving a responsive pleading. As of May 14, 2010, no defendants had filed or served any answers to plaintiffs' original complaint. Therefore, pursuant to MCR 2.118(A), plaintiffs were permitted to amend the complaint on May 14, 2010. Because plaintiffs properly amended their original complaint, the original complaint ceased to have any effect and plaintiffs were not required to move for class certification by July 6, 2010. Plaintiffs therefore had 91 days from May 14, 2010, the filing date of the first amended complaint, to move for class certification. Plaintiffs moved for class certification within that period. The trial court erred by holding that the motion for class certification was untimely.

2. The forwarder defendants and the lender defendants have not violated the Occupational Code or the Michigan regulation of collection practices act (MRCPA), MCL 445.251 *et seq.*, because the forwarder defendants are not collection agencies under article 9 of the Occupational Code, MCL 339.901 *et seq.* Forwarders are not collection agencies because they do not solicit a claim for collection when they hire collection agencies. The Legislature's use of the term "indirectly" in MCL 333.901(b) does not mean that the

statute applies to forwarders. The forwarder defendants did not directly or indirectly engage in repossessing or attempting to repossess collateral. Because the forwarder defendants were not required to be licensed, they did not violate the Occupational Code and the lender defendants did not violate the MRCPA. The trial court did not err by granting defendants' motions for summary disposition.

Affirmed.

1. ACTIONS — CLASS ACTIONS — MOTIONS AND ORDERS — AMENDED COMPLAINTS.

A plaintiff, within 91 days after the filing of any complaint that includes class action allegations, must move for certification that the action may be maintained as a class action; a party may amend a pleading once as a matter of course as long as 14 days have not lapsed after receiving a responsive pleading; an amended pleading supersedes the former pleading, making the original pleading abandoned and withdrawn; a plaintiff, within 91 days after filing an amended complaint that includes class action allegations, must move for certification that the action may be maintained as a class action (MCR 2.118[A], 3.501[1]).

2. WORDS AND PHRASES — OCCUPATIONAL CODE — COLLECTION AGENCIES — SOLICITING A CLAIM FOR COLLECTION.

The phrase "soliciting a claim for collection" in the section of the Occupational Code that defines a "collection agency" means requesting the debtor to fulfill his or her obligation on the debt (MCL 339.901[b]).

*Xuereb Snow PC* (by *Joseph M. Xuereb* and *John R. Badeen*) for plaintiffs.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Larry J. Saylor*), for PAR, Inc.

*Wienner & Gould, P.C.* (by *S. Thomas Wienner* and *Seth D. Gould*), for PNC Bank, CenterOne Financial Services, LLC, and the M. Davis Co., Inc.

*Law Offices of John J. O'Shea, PLC* (by *John J. O'Shea*), and *Reed Smith, LLP* (by *Kim M. Watterson*), for Bank of America, N.A.

*Pepper Hamilton LLP* (by *Matthew J. Lund* and *Adam A. Wolfe*) for TD Auto Finance.

*Debrincat, Padgett, Kobliska & Zick* (by *S. Thomas Padgett*) for Santander Consumer U.S.A., Inc.

*Boyle Burdett* (by *Howard William Burdett, Jr.*) for ASR Nationwide, LLC.

*Myers Nelson Dillon & Shierk, PLLC* (by *James R. Bruinsma* and *Michael Farrell*), for Nissan Motor Acceptance Corporation.

*Warner Norcross & Judd LLP* (by *Aaron D. Lindstrom, Molly E. McManus,* and *Michael G. Brady*) for Fifth Third Bank.

*Plunkett Cooney* (by *Jeffrey C. Gerish* and *Matthew J. Boettcher*) for the Huntington National Bank.

*Law Weathers* (by *Crystal L. Morgan* and *Leslie C. Morant*) for Toyota Motor Credit Corporation, Remarketing Solutions, LLC, Renovo Services, LLC, and Diversified Vehicle Services, Inc.

*Collins, Einhorn, Farrell & Ulanoff* (by *Deborah Hebert* and *Kevin Moloughney*) for Millennium Capital and Recovery Corporation.

*Blanco Wilczynski, P.L.L.C.* (by *Derek S. Wilczynski*), for National Asset Recovery Corp.

Before: METER, P.J., and FITZGERALD and WILDER, JJ.

WILDER, J. On appeal, plaintiffs argue that (1) the trial court erred when it struck plaintiffs' motion for class certification, (2) the trial court erred when it denied plaintiffs' motion to reinstate the class action

allegations, and (3) the trial court erred when it granted summary disposition in favor of defendants. We affirm.

This case involves "forwarding companies" that contract with lending institutions to handle the collection services on delinquent accounts. After contracting with the lending institutions, these forwarding companies would in turn retain licensed repossession agents to carry out repossessions on behalf of the lenders. Plaintiffs allege that the forwarding companies themselves need to be licensed as "collection agencies," and their failure to do so is the underlying basis for plaintiffs' lawsuit.

I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff George Badeen, a licensed collection agency manager, owns plaintiff Midwest Recovery and Adjustment, Inc. (Midwest Recovery). Midwest Recovery is a licensed collection agency that is hired by automobile lenders to repossess financed vehicles whose owners have defaulted on their loans. In the past, automobile lenders would contract directly with repossession agents, like Midwest Recovery. However, more recently, lenders are contracting with forwarding companies. Apparently, repossession agents receive less money when hired by forwarding companies than when hired directly by lending institutions. Plaintiffs claim that this practice has caused them harm.

On April 5, 2010, plaintiffs filed a complaint against defendants, which include forwarding companies (the "forwarder defendants")[1] and lending institutions (the

---

[1] The forwarder defendants are PAR, Inc., doing business as PAR North America; CenterOne Financial Services, L.L.C.; First National Repossessors, Inc.; Millennium Capital and Recovery Corporation; MV Connect, L.L.C., doing business as IIA, L.L.C.; Renovo Services, L.L.C.;

"lending defendants").[2] In count one of the complaint, plaintiffs sought certification of a class action, in which Badeen would represent the interests of all automobile repossession agencies and their owners who held a license to collect debts in Michigan in the preceding six years. In count two, plaintiffs sought an injunction prohibiting the forwarder defendants from violating the Occupational Code, MCL 339.101 *et seq.*, by soliciting or performing collection activities in Michigan without a license. In count three, plaintiffs asserted a claim of civil conspiracy, alleging that the forwarder defendants and lender defendants "acted in concert to violate the Occupational Code." In count four, plaintiffs alleged that the forwarder defendants intentionally interfered with plaintiffs' business relations with the lender defendants. In count five, plaintiffs alleged that the forwarder defendants intentionally interfered with plaintiffs' contracts with the lender defendants. In count six, plaintiffs asserted a claim of negligence per se against the forwarder defendants for breach of their statutory duty under the Occupational Code.

On May 14, 2010, plaintiffs filed an amended complaint, which differed only in the naming of a defendant (Remarketing Solutions was named in place of Manheim Recovery Solutions). On September 8, 2010, plaintiff filed a second amended complaint, which differed from the first amended complaint in several substantive ways. In count two of the second amended complaint, plaintiffs sought to enjoin the lender defendants from hiring unlicensed debt

Renaissance Recovery Solutions, Inc.; ASR Nationwide, L.L.C.; Diversified Vehicle Services, Inc.; National Asset Recovery Corp.; and Manheim Recovery Solutions.

[2] The lender defendants are TD Auto Finance, L.L.C.; Toyota Motor Credit Corporation; Nissan Motor Acceptance Corporation; Santander Consumer U.S.A.; PNC Bank, N.A.; Bank of America, N.A.; Fifth Third Bank; GE Money Bank; and the Huntington National Bank.

collectors. In count three, plaintiffs alleged that the forwarder defendants and the lender defendants acted in concert to violate both the Occupational Code and the Michigan regulation of collection practices act (MRCPA), MCL 445.251 *et seq.* In count six, plaintiffs alleged that the lender defendants also violated their statutory duty under the MRCPA. In two additional counts, plaintiffs alleged violations of the Occupational Code and the MRCPA. Several defendants filed answers to the complaint or amended complaints.

## A. CLASS ACTION CERTIFICATION

On July 21, 2010, PAR, Inc. (PAR), filed a notice of Badeen's failure to file a timely motion to certify a class pursuant to MCR 3.501(B), claiming that more than 91 days had lapsed from the date of the original complaint alleging a class action. Other defendants filed similar notices or joinders in the notice.

On July 30, 2010, Badeen filed a motion for class certification, arguing that he was a member of the proposed class; that the proposed class was numerous, making joinder impracticable; that common questions predominated; that his claims were typical of the class; that he would adequately assert and protect the class; and that a class action would be superior.

PAR filed a motion to strike Badeen's motion for class certification, contending that Badeen's motion was untimely. PAR argued that once it filed its notice, the class action allegations were deemed stricken as a matter of law and, as a result, Badeen needed to first seek leave of the court to reinstate his class action allegations before he was permitted to move for class action certification. Other defendants filed similar objections to the motion for class certification or concurrences in PAR's motion.

On August 11, 2010, Badeen filed a motion to strike the notices of failure to file a motion for class certification. In the brief in support of the motion, Badeen argued that the 91-day time limit provided in MCR 3.501(B) runs from the date of the filing of the most recent amended complaint containing class action allegations because the court rule uses the word "a," not "the." Alternatively, Badeen argued that the class action allegations should be reinstated because his attorney's "misconception of the court rule" constituted excusable neglect as permitted under the court rule.

On August 20, 2010, PAR filed a brief in opposition to Badeen's motion to strike. PAR argued that the 91-day time limit runs from the filing of the first complaint containing class action allegations based on the language and purpose of the rule. PAR further argued that misinterpretation of a court rule does not constitute excusable neglect.

On August, 25, 2010, the trial court held a hearing on the cross-motions to strike. The parties' arguments were consistent with their briefs, but defendants additionally argued that plaintiffs would not be prejudiced if the class action allegations were stricken. The trial court held that the 91-day time limit ran from the filing of the original complaint containing class action allegations and that plaintiffs' failure to timely file a motion for class certification did not constitute excusable neglect warranting reinstatement of the class action allegations. On September 13, 2010, the trial court entered an order granting PAR's motion to strike Badeen's motion for class certification and denying Badeen's motion to strike the notices of failure to file for class certification or to reinstate the class action allegations.

## B. SUMMARY DISPOSITION

On October 6, 2010, both the forwarder defendants and the lender defendants moved for summary disposition pursuant to MCR 2.116(C)(8). Primarily, they argued that because forwarders are not collection agencies under the Occupational Code, all plaintiffs' claims necessarily fail. Plaintiffs responded by arguing, in part, that forwarders must be licensed because they solicit lenders to collect claims and are "indirectly" involved in collections.

After holding a hearing, the trial court entered an opinion and order on February 14, 2011, granting defendants' motions for summary disposition. The trial court found that the statutes at issue were unambiguous, that the forwarder defendants were not collection agencies, and that, therefore, plaintiffs failed to state a claim on which relief could be granted. Plaintiffs' appeal to this Court ensued.

## II. STANDARDS OF REVIEW

We review issues of statutory interpretation de novo. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 155; 802 NW2d 281 (2011). This Court must begin by considering the language of the statute. *Rambin v Allstate Ins Co*, 297 Mich App 679, 684; 825 NW2d 95 (2012).

> In interpreting a statute, a court's goal is to give effect to the Legislature's intent. A court may not construe a statute unless it is ambiguous; if the statute is unambiguous, the court will apply it as written. If a statute is ambiguous, construction is permitted, and the rules of statutory construction "merely serve as guides" toward the ultimate goal of discerning the intent of the Legislature. "[A] provision of the law is ambiguous only if it 'irreconcilably conflict[s]' with another provision or when it is *equally* susceptible to more than a single meaning." [*East*

*Lansing v Thompson*, 291 Mich App 34, 36-37; 804 NW2d 567 (2010) (citations omitted).]

A trial court's decision on a motion for summary disposition is also reviewed de novo. *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 367; 820 NW2d 208 (2012). "MCR 2.116(C)(8) tests whether a claimant has failed to state a cognizable claim. For purposes of a motion for summary disposition under MCR 2.116(C)(8), this Court accepts all well-pleaded factual allegations as true, and construes them in a light most favorable to the nonmoving party." *Id.*

"The interpretation and application of court rules present questions of law to be reviewed de novo using the principles of statutory interpretation." *Lamkin v Engram*, 295 Mich App 701, 707; 815 NW2d 793 (2012). Thus, the goal in interpreting is to give effect to the rulemaker's intent as expressed in the court rule's terms, giving the words their plain and ordinary meaning. *Peterson v Fertel*, 283 Mich App 232, 235-236; 770 NW2d 47 (2009). " 'If the language poses no ambiguity, this Court need not look outside the rule or construe it, but need only enforce the rule as written.' " *Id.* at 236 (citation omitted). But "[i]f judicial construction is required, this Court must adopt a construction that best accomplishes the purpose of the court rule. While the Court may consider a variety of factors, it should always use common sense." *Vyletel-Rivard v Rivard*, 286 Mich App 13, 22; 777 NW2d 722 (2009) (citations omitted).

### III. ANALYSIS

#### A. CLASS CERTIFICATION

Plaintiffs first argue that the trial court erred when it determined that plaintiffs' motion to certify the action as a class action was untimely under the 91-day

deadline imposed by MCR 3.501. We agree, but for reasons hereinafter stated, plaintiffs are not entitled to any relief on appeal.

Badeen filed his motion for class certification on July 30, 2010. This was within 91 days of the filing of the first amended complaint on May 14, 2010, but more than 91 days after the filing of the original complaint on April 5, 2010. Both the original and amended complaints contained the same class action allegations. Because there are no decisions of this Court or the Michigan Supreme Court addressing whether the motion for class certification must be filed within 91 days of the original complaint or an amended complaint, this is an issue of first impression.

This Court must first consider the language of the court rule. *Vyletel-Rivard*, 286 Mich App at 22. The court rule governing class actions is MCR 3.501. MCR 3.501(B) provides, in part:

> (1) *Motion.*
>
> (a) Within 91 days after the filing of *a complaint* that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action.
>
> (b) The time for filing the motion may be extended by order on stipulation of the parties or on motion for cause shown. [Second emphasis added.]

The Supreme Court's use of the word "a" indicates that a plaintiff may file more than one complaint containing class action allegations, as in this case. See *Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010) (noting that "the" and "a" have different meanings and that "the" is a *definite* article and "a" is an *indefinite* article). Further, while there are many dictionary definitions of the word "a," the definitions most pertinent to this case are "any" or "every." *Random House*

*Webster's College Dictionary* (1997). Accordingly, the court rule is properly interpreted as meaning that "[w]ithin 91 days after the filing of [*any*] complaint that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action."

Because plaintiffs filed their original complaint on April 5, 2010, plaintiffs had 91 days, or until July 6, 2010,[3] to move for class certification. However, MCR 2.118(A) allows a party to amend a pleading once as a matter of course as long as 14 days have not lapsed after receiving a responsive pleading. As of May 14, 2010, no defendants had filed or served any answer to plaintiffs' original complaint. Thus pursuant to MCR 2.118(A), plaintiffs were permitted to amend the complaint on May 14, 2010.

Having properly amended their original complaint, plaintiffs' original complaint ceased to have any effect, and plaintiffs were not required to move for class certification by July 6, 2010. As this Court has explained, an amended pleading supersedes the former pleading, making the original pleading " 'abandoned and withdrawn.' " *Grzesick v Cepela*, 237 Mich App 554, 562; 603 NW2d 809 (1999), citing MCR 2.118(A)(4) and quoting 61B Am Jur 2d, Pleading, pp 92-93; see also *Nippa v Botsford Gen Hosp*, 251 Mich App 664, 679; 651 NW2d 103 (2002), vacated and remanded on other grounds 468 Mich 882 (2003). Because the original complaint became "abandoned and withdrawn" by virtue of the filing of the first

---

[3] Ninety one days from April 5, 2010, is actually July 5, 2010, but the court was closed that day for the Independence Day holiday. Thus, pursuant to MCR 1.108, the next available day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order is used.

amended complaint, the July 6, 2010, deadline tied to the original complaint no longer had any effect. Therefore, consistent with our interpretation of MCR 3.501, plaintiffs had 91 days from the May 14, 2010, filing of the first amended complaint to move for class certification. Because plaintiffs moved for class certification on July 30, 2010, within 91 days of May 14, 2010, the date the first amended complaint was filed, we conclude that the trial court erred when it held that plaintiffs' motion was untimely under the court rule.

We reject as unwarranted defendants' contention that permitting an amended complaint to effectively "restart the clock," would introduce undue delay in the initiation of class action litigation. While the timing requirement at issue "was designed to prevent cases from remaining pending for extended periods without the propriety of a class action being raised," *Hill v City of Warren*, 276 Mich App 299, 306; 740 NW2d 706 (2007) (quotation marks omitted), citing GCR 1963, 208.2(A), the predecessor rule to MCR 3.501(B)(1), a plaintiff may amend its complaint only once as a matter of course and, even then, under significant timing restrictions. MCR 2.118(A)(1). If a plaintiff wishes to amend its complaint after the time for doing so as a matter of course has expired, the plaintiff must then either obtain the defendant's consent or obtain the trial court's permission. MCR 2.118(A)(2). The time limitations and additional requirements concerning amendments of complaints are more than sufficient to prevent "cases from remaining pending for extended periods without the propriety of a class action being raised." *Hill*, 276 Mich App at 306 (quotation marks and citation omitted).

## B. COLLECTION AGENCIES UNDER THE MRCPA AND THE OCCUPATIONAL CODE

Having concluded that the trial court erred by granting PAR's motion to strike Badeen's motion for class certification, we next consider plaintiffs' assertion that the trial court erred by holding that defendants were not collection agencies within the meaning of the Occupational Code and granting summary disposition in favor of defendants on that basis. Because we hold that the trial court properly determined that defendants did not violate either the MRCPA or the Occupational Code, we affirm the trial court's ruling.

Article 6 of the Occupational Code, MCL 339.601 *et seq.*, provides that "[a] person shall not engage in or attempt to engage in the practice of an occupation regulated under this act or use a title designated in this act unless the person possesses a license or registration issued by the department for the occupation." MCL 339.601(1). MCL 339.904, under the Occupational Code, in turn, prohibits anyone from "operat[ing] a collection agency or commenc[ing] in the business of a collection agency without" being licensed. Plaintiffs claim that the forwarder defendants have violated these sections by acting as collection agencies without being licensed.

MCL 445.252(s) of the MRCPA prohibits a "regulated person" from "[e]mploying a person required to be licensed under article 9 of [the Occupational Code MCL 339.901 to 339.916] to collect a claim unless that person is licensed under article 9 [MCL 339.901 to 339.916]." Plaintiffs claim that the lender defendants have violated this provision by hiring the forwarder defendants to collect claims without the forwarder defendants being licensed.

We find that the forwarder defendants and lender defendants have not violated the Occupational Code or the MRCPA because the forwarder defendants are not "collection agencies" under Article 9 of the Occupational Code. MCL 339.901(b) defines "collection agency" as

> a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement.

The plain and unambiguous language supports the trial court's finding that forwarders are not collection agencies because forwarders do not "solicit a claim for collection" when they hire collection agencies. "Solicit" is defined, in part, as "to try to obtain by earnest plea or application," and "to make a petition or request for something desired." *Random House Webster's College Dictionary* (2001). MCL 339.901(a) provides that "claim" and "debt" both have the exact same meaning, primarily "an obligation or alleged obligation for the payment of money . . . ." As a result, the phrase "soliciting a claim for collection," found in MCL 339.901(b), means requesting *the debtor* to fulfill his or her obligation on the debt.

Further, the Legislature's use of the word "indirectly" in MCL 339.901(b) does not indicate that the statute applies to forwarders. The phrase "directly or indirectly engaged in" applies to both the phrase preceding the comma and the phrase after the comma. Thus, a collection agency includes a person who "directly or indirectly engaged in . . . repossessing or attempting to repossess a thing of value owed . . . ." Grammatically, the comma technically does not belong

in the statute because the phrase "repossessing or attempting to repossess a thing of value" is not an independent clause. See Strunk & White, *The Elements of Style* (New York: Longman, 4th ed, 2000), p 5 (noting that a comma is used before a conjunction when it introduces an independent clause). This phrase is not independent because it is clear that the phrase's subject is found back at the beginning of the sentence in another phrase, "a person." However, because of the inordinate number of "ors" in the statute, we discern that the use of the comma was to help identify the two main components of the definition. And because the form of the word "soliciting" matches the form of the word "repossessing," we are convinced that the Legislature intended for "directly or indirectly engaged in" to apply to both similarly, otherwise, the pattern of the section would be asymmetric.

Thus, the issue boils down to whether the forwarder defendants "directly or indirectly engaged in repossessing or attempting to repossess" collateral. We conclude that they did not. "Engage" means, in part, "to occupy the attention or efforts of; involve." *Random House Webster's College Dictionary* (1997). And "occupy" is defined, in part, as "to fill up, employ, or engage." *Id.* Plaintiffs' complaint alleges that the forwarder defendants hired and contracted with "local, licensed, Michigan debt collection agencies to repossess the collateral sought to be seized." However, the fact that the forwarder defendants contracted out the work demonstrates that they were *not* "occupied" or "involved" with the act of repossession itself. There were no allegations that the forwarding defendants had any involvement or input whatsoever with the actual repossession effort process, and we decline to find that a forwarder who contracts out the *actual repossession process* is "indirectly engaged in repossessing or at-

tempting to repossess." Such an extension of the process would be too attenuated.

Our construction of the phrase "indirectly engaged in repossessing or attempting to repossess" is consistent with the purpose of the statute "to protect the debtor and the creditor from the potentially improper acts of a third-party collection agency." *Asset Acceptance Corp v Robinson*, 244 Mich App 728, 732; 625 NW2d 804 (2001). Because forwarders are not involved with "collection activities" (they do not collect debts, they do not contact consumers, and they are not involved with the actual act of repossession), requiring them to be licensed would not further the purpose of the statute.

Because forwarders are not required to be licensed, the forwarder defendants did not violate the Occupational Code, and the lender defendants did not violate the MRCPA. Accordingly, the trial court did not err by granting defendants' motions for summary disposition.

Affirmed. No costs are taxable pursuant to MCR 7.219, neither party having prevailed in full.

METER, P.J., and FITZGERALD, J., concurred with WILDER, J.