**COLLECTION CENTER, INC., Petitioner (Petitioner/Contestee),**

v.

**STATE of Wyoming, acting Through the COLLECTION AGENCY BOARD, Respondent (Respondent/Complainant).**

No. 90–186.

Supreme Court of Wyoming.

April 18, 1991.

Robert A. Monteith, Rawlins, for petitioner.

Joseph B. Meyer, Atty. Gen., Sylvia Hackl, Deputy Atty. Gen., Hugh Kenny, Sr. Asst. Atty. Gen., Cheyenne, for respondent.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Collection Center, Inc. appeals from an order of the Wyoming Collection Agency Board (Board), issued after a hearing on the matter, that Collection Center cease and desist all advertising regarding its ability to provide legal services, including the distribution of the materials presented as exhibits at the hearing. Collection Center sought review of the administrative decision in the district court and subsequently moved to have the matter certified to this court. The state concurred in that motion, and the district court granted it.

Collection Center frames the issues:

I.

Does Wyoming Statute 33–11–114 (1977) contravene the United States Constitution by its prohibition of truthful and not misleading commercial speech?

II.

Does Wyoming Statute 33–11–114 (1977) contravene the Wyoming Constitution by its prohibition of truthful and not misleading speech?

The Board consolidates these issues into a single question:

Does W.S. 33–11–114 (1977) violate the United States and Wyoming Constitutions by its prohibition of advertisement of a collection agency's ability to provide legal services?

We affirm the decision of the Wyoming Collection Agency Board.

## FACTS

Collection Center is a Rawlins based collection agency, d/b/a Credit Collection Bureau of Carbon County. Over a year before this action was initiated Collection Center prepared an advertising brochure and printed 100 copies. Collection Center's general manager, Linda Russell, admitted the brochure had been distributed to solicit clients. The brochure, composed of several parts, stated at different places in the material that Collection Center did not charge increased rates for accounts requiring litigation, that it had its own in-house staff attorneys and legal department to serve clients' interests, and that it would advance all court costs.[1]

Collection Center, as a collection agency, is made subject to the Board's regulation by an act entitled Collection Agencies, codified at W.S. 33–11–101 through 116 (June 1987 Repl.). W.S. 33–11–114 states:

> *No licensee, under the terms of this act [§§ 33–11–101 through 33–11–116] shall render legal services or advertise directly or indirectly, that it will render legal services,* but any licensee can solicit claims exclusively for the purpose of collection, take assignments thereof for the purpose of collection by suit or otherwise, and for such purpose, shall be deemed to be the real party in interest in any suit brought upon such assigned claim.

(emphasis added).

Another Wyoming collection agency, believing Collection Center's advertising brochure violated W.S. 33–11–114's prohibition of advertising of legal services, requested that the Board review the material and determine whether it violated the statute and should be acted upon by the Board. After review at a regularly scheduled meeting the Board issued a notice and order to Collection Center requiring that it stop distribution of the material and informing Collection Center of its right to a hearing. Collection Center requested and was granted its hearing, following which the cease and desist order now appealed from was issued.

## DISCUSSION

The Board simply ruled on the question whether Collection Center's solicitation violated the provisions of W.S. 33–11–114, concluding that it did. It did not consider the question, raised for the first time in the hearing before the Board, of the constitutionality of the statutory ban on any advertising of legal services by collection agencies, expressly leaving that question to the judiciary.

Collection Center now argues that the prohibition of advertising of legal services by collection agencies in W.S. 33–11–114 is unconstitutional. We agree that, if collection agencies could lawfully provide legal services, this court would have to consider Collection Center's arguments that its brochure is entitled to limited protection as commercial speech and that truthful commercial advertising of its services is protected by the first amendment of the United States Constitution. *See Posadas De Puerto Rico Associates v. Tourism Company of Puerto Rico*, 478 U.S. 328, 106 S.Ct. 2968, 92 L.Ed.2d 266 (1986); *Bolger v. Youngs Drug Products Corp.*, 463 U.S. 60, 103 S.Ct. 2875, 77 L.Ed.2d 469 (1983); *Central Hudson Gas v. Public Service Commission of New York*, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). However, collection agencies cannot, by law, provide such services.

---

**1.** The disputed brochure, Exhibit B–4, contained the following materials:

Exhibit B–1, a page inserted into the brochure, includes a category labelled "Collection Center's Legal Services" in a flow chart describing Collection Center's operations. The "synopsis" of this service states, "[w]e have our own legal department and in-house staff attorney if needed. We also advance all court costs."

Exhibit B–2, another page insert titled "Why Choose Us?" states the following: "Lawsuits: No increase in rates for accounts requiring litigation. We have our own STAFF attorneys and legal department. Collectioncenter fronts all court costs and fees."

Exhibit B–3, a smaller brochure inserted within the large brochure, says in pertinent part: "OUR OWN LEGAL DEPARTMENT is available, if needed, to see that your interests are best served should the collection process reach the point that legal action must be taken. WE ADVANCE ALL COURT COSTS"

**280**

W.S. 33–11–114 proscribes not only the advertising of, but also the very provision of, legal services by collection agencies. We recognize that "statutes are to be presumed constitutional unless affirmatively shown to be otherwise, and one who would deny the constitutionality of a statute has a heavy burden. The alleged unconstitutionality must be clearly and exactly shown beyond any reasonable doubt." *Mills v. Reynolds & Marks, Bunker v. Niggemyer,* 807 P.2d 383 (Wyo.1991). Collection Center does not allege or argue there is a constitutional defect in this statutory limitation on its business operations, so we must presume the prohibition against collection agencies rendering legal services is constitutional.

■ Consequently, the issue before this court is not whether this solicitation meets the standards for protected commercial speech delineated in the cases cited by Collection Center, but instead whether advertising of unlawful activity merits any constitutional protection. Collection Center in effect argues that advertisement of illegal services is entitled to the constitutional protections afforded commercial speech. Clearly, it is wrong. There is no constitutional right to advertise a willingness to engage in illegal activity, and the government may ban commercial speech related to illegal activity. *Bolger,* 463 U.S. at 69, 103 S.Ct. at 2881, 77 L.Ed.2d at 479; *Central Hudson Gas,* 447 U.S. at 564, 100 S.Ct. at 2350, 65 L.Ed.2d at 350. For this reason Collection Center has no right to advertise that it offers legal services.

■ Assuming that its materials are not misleading or deceptive, Collection Center may certainly advertise that it has the ability to take assignment of debts and proceed as the party in interest on those debts, as this activity is authorized in W.S. 33–11–114. *Bolger,* 463 U.S. at 69, 103 S.Ct. at 2881, 77 L.Ed.2d at 479; *Central Hudson Gas,* 447 U.S. at 564, 100 S.Ct. at 2350, 65 L.Ed.2d at 350. However, if that was the purpose of Collection Center's brochure, the Board made no finding regarding whether the material is deceptive. If its purpose is to inform clients of Collection

Center's ability to take assignment of debts, we hold the brochure is misleading and not entitled to• any constitutional protection. The message conveyed by the contested advertisement is that Collection Center had legal services available to offer to its clients as part of its debt collection services, and not that the agency was able to take assignment of debts. As "[t]he state may deal effectively with false, deceptive, or misleading sales techniques," *Bolger,* 463 U.S. at 69, 103 S.Ct. at 2881, 77 L.Ed.2d at 479, the Board may properly order Collection Center to stop distributing this brochure even if it is assumed that it was only meant to advertise Collection Center's capacity to take assignment of debts, and not an ability to render legal services.

Collection Center may not advertise that it provides legal services. If the contested advertisement was an attempt to inform potential clients of the services authorized by W.S. 33–11–114, it was misleading and has no constitutional protection.

Affirmed.