# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

BADEEN v PAR, INC

Docket No. 147150. Argued on application for leave to appeal April 2, 2014. Decided June 13, 2014.

George Badeen (a licensed collection agency manager) and Midwest Recovery and Adjustment, Inc. (a licensed collection agency that Badeen owned and operated) brought a class action in the Wayne Circuit Court against PAR, Inc.; Remarketing Solutions; CenterOne Financial Services, LLC; and numerous other lenders and forwarding companies doing business in Michigan. Forwarding companies act as middlemen between lenders and local collection agents, operating nationwide. When a creditor needs a collection done, it contracts with a forwarding company, which, in turn, allocates the collection to a collection agent in the appropriate location. Forwarding companies maintain networks of collection agents and negotiate favorable rates that save creditors money and allow the forwarding companies to make a profit. Forwarding companies do not, however, contact the debtors themselves. Plaintiffs alleged that defendant forwarding companies acted as collection agencies under Michigan law but did so without a license, in violation of MCL 339.904(1), and that defendant lenders, who hired the forwarding companies, violated Michigan law by hiring unlicensed collection agencies, in violation of MCL 445.252(s). Plaintiffs further alleged that the violations injured them by impeding their business while not complying with Michigan law. Defendants moved for summary disposition, arguing that the forwarding companies did not satisfy the definition of "collection agency" in MCL 339.901(b) because the phrase "soliciting a claim for collection" in that statute referred to asking the debtor to pay the debt, which the forwarding companies did not do. The court, Michael F. Sapala, J., granted defendants' motion. The Court of Appeals, METER, P.J., and FITZGERALD and WILDER, JJ. , affirmed, holding that soliciting a claim for collection means requesting the debtor to fulfill his or her obligation on the debt. 300 Mich App 430 (2013). Badeen applied for leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other action. 495 Mich 921 (2014).

In a unanimous opinion by Justice ZAHRA, the Supreme Court *held*:

A forwarding company comes within the definition of "collection agency" in MCL 339.901(b) when it contacts a creditor asking for debts to allocate to local collection agents.

1. MCL 339.904(1), part of Article 9 of the Occupational Code, MCL 339.901 *et seq.*, requires a person to apply for and obtain a license before operating a collection agency or commencing in the business of a collection agency. Under MCL 339.901(b), a "collection

agency" is a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due another or repossessing or attempting to repossess a thing of value owed or due another arising out of an expressed or implied agreement. Under MCL 339.901(a), "claim" or "debt" means an obligation for the payment of money or a thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

2. Forwarding companies satisfy the definition of "collection agency" in MCL 339.901(b). Under the plain meaning of the statute, the phrase "soliciting a claim for collection" means asking a creditor for any unpaid debts that the collection agency may pursue by allocating them to local collection agents.

3. Because the circuit court concluded that its interpretation of the definition of "collection agency" was dispositive, it made no decision regarding defendants' other arguments for summary disposition, including an argument pertaining to the applicability of MCL 339.904(2), which provides that a collection agency need not obtain a license if the person's collection activities in this state are limited to interstate communications. Accordingly, a remand for further proceedings was necessary.

Part III(B) of the Court of Appeals' judgment vacated, and case remanded to the circuit court for further proceedings.

# Opinion

Chief Justice:        Justices:

Robert P. Young, Jr.  Michael F. Cavanagh
                      Stephen J. Markman
                      Mary Beth Kelly
                      Brian K. Zahra
                      Bridget M. McCormack
                      David F. Viviano

FILED June 13, 2014

STATE OF MICHIGAN

SUPREME COURT

GEORGE BADEEN/ALL OTHERS
SIMILARLY SITUATED and MIDWEST
RECOVERY AND ADJUSTMENT, INC.,

      Plaintiffs-Appellants,

v                                                   No. 147150

PAR, INC., d/b/a PAR NORTH AMERICA,
REMARKETING SOLUTIONS,
CENTERONE FINANCIAL SERVICES,
L.L.C., FIRST NATIONAL
REPOSSESSORS, INC., MILLENNIUM
CAPITAL AND RECOVERY
CORPORATION, RENOVO SERVICES,
L.L.C., RENAISSANCE RECOVERY
SOLUTIONS, INC., ASR NATIONWIDE,
L.L.C., THE M. DAVIS COMPANY, INC.,
d/b/a U.S.A. RECOVERY SOLUTIONS,
REPOSSESSORS, INC., AMERICAN
RECOVERY SERVICE, INC.,
DIVERSIFIED VEHICLE SERVICES, INC.,
NATIONAL ASSET RECOVERY CORP.,
CONSUMER FINANCIAL SERVICES,
L.L.C., TD AUTO FINANACE, L.L.C.,
TOYOTA MOTOR CREDIT
CORPORATION, NISSAN MOTOR
ACCEPTANCE CORPORATION,
SANTANDER CONSUMER U.S.A., INC.,
PNC BANK, N.A., BANK OF AMERICA,
N.A., FIFTH THIRD BANK, and THE
HUNTINGTON NATIONAL BANK,

      Defendants-Appellees,

and

MV CONNECT, L.L.C., d/b/a IIA, L.L.C.,
GE MONEY BANK, and MANHEIM
RECOVERY SOLUTIONS,

        Defendants.

---

BEFORE THE ENTIRE BENCH

ZAHRA, J.

As long as there have been debts, there have been people tasked with collecting them.[1] To regulate the collection industry in Michigan, the Legislature passed a licensing requirement in 1980. This statutory package required collection agencies to obtain licenses and included statutes governing licensees' permissible actions throughout the collection process.[2]

For many years, the collection industry involved two players: the creditors and the collection agents that they hired to collect debts. But in the late 1990s, as the collection industry evolved, a middleman emerged. These middlemen—known as forwarders or forwarding companies—operate as intermediaries between creditors and local collection agents. The forwarding companies' business model involves obtaining assignments of unpaid accounts from creditors and then allocating the collection of those accounts to local collection agents. The forwarding companies do not, however, contact debtors themselves.

---

[1] See Cicero, *The Verrine Orations*, II.13 trans L. H. G. Greenwood (Harvard University Press (1928)) (describing tax collectors in ancient Rome).

[2] MCL 339.901 *et seq.*

This case requires us to determine whether forwarding companies fall within the statutory definition of collection agencies. We conclude that they do. The statutory definition of a "collection agency" includes "a person directly or indirectly engaged in soliciting a claim for collection."[3] In the context of this statute, soliciting a claim for collection refers to the act of asking a creditor for any unpaid accounts on which the collection agency may pursue payment. The forwarding companies therefore come within the definition of collection agency when they contact creditors asking for debts to allocate to local collection agents.

Accordingly, we vacate Part III(B) of the Court of Appeals judgment and remand this case to the circuit court for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

## I. FACTS AND PROCEEDINGS

Plaintiff George Badeen, a licensed collection agency manager, owns and operates Midwest Recovery and Adjustment, Inc., a licensed collection agency doing business in Michigan. The primary business of Midwest Recovery is repossessing automobiles when it is assigned a delinquent account by a financing company.

This dispute's origins lie in the shifting landscape of collection practices. In the past, when a creditor needed a debt collected or something repossessed, it would contact and retain a collection agent wherever the debtor was located. But the business model has changed with the introduction of forwarding companies. Now forwarding companies

---

[3] MCL 339.901(b).

act as middlemen between the lenders and the local collection agents. The forwarding companies operate nationwide, and when a creditor needs a collection it contracts with a forwarding company, which, in turn, allocates the collection to a collection agent in the appropriate location. The forwarding companies maintain networks of collection agents and negotiate favorable rates that save creditors money and allow the forwarding companies to make a profit. Plaintiffs allege that this business model negatively affects licensed local collection agents.

Badeen, on behalf of himself and other licensed collection agents and collection agencies in Michigan, filed a class action against the lenders and forwarding companies doing business in Michigan. He alleged that the forwarding companies were acting as collection agencies under Michigan law but were doing so without a license in violation of MCL 339.904(1). The lenders that hired the forwarding companies, in turn, were allegedly violating Michigan law by hiring unlicensed collection agencies in contravention of MCL 445.252(s). Defendants, Badeen argued, injured the members of the plaintiff class by impeding their business while not complying with Michigan law.

Badeen argued that the forwarding companies "solicit[ed] a claim for collection" when they contacted creditors for unpaid accounts to allocate to local collection agents, thereby satisfying the statutory definition of collection agencies and requiring licensure. In the circuit court, defendants moved for summary disposition, arguing that the forwarding companies did not satisfy the definition because soliciting a claim for collection referred to asking the debtor to pay his or her debt, which the forwarding companies did not do. The circuit court agreed and granted defendants' motion for summary disposition. The Court of Appeals affirmed the circuit court's decision, holding

4

that "the phrase 'soliciting a claim for collection,' found in MCL 339.901(b), means requesting *the debtor* to fulfill his or her obligation on the debt."[4]

Badeen sought leave to appeal in this Court. We directed the Clerk of the Court to schedule oral argument on whether to grant the application or take other action and asked the parties to address "whether the defendant forwarding companies engage in 'soliciting a claim for collection' and therefore are 'collection agenc[ies]' as defined by MCL 339.901(b)."[5]

## II. STANDARD OF REVIEW AND RULES OF STATUTORY INTERPRETATION

A statutory interpretation issue like the meaning of "soliciting a claim for collection" is a question of law that we review de novo. The primary goal of statutory interpretation is, of course, to give effect to the Legislature's intent. The focus of our analysis must be the statute's express language, which offers the most reliable evidence of the Legislature's intent. When construing a statutory phrase such as the one at issue in this case, we must consider it in the context of the statute as a whole.[6] "Although a phrase or a statement may mean one thing when read in isolation, it may mean something substantially different when read in context."[7] When reviewing a statute, courts should avoid a construction that would render any part of the statute surplusage or nugatory.[8]

---

[4] *Badeen v PAR, Inc*, 300 Mich App 430, 444; 834 NW2d 85 (2013).

[5] *Badeen v PAR, Inc*, 495 Mich 921 (2014).

[6] *Klooster v City of Charlevoix*, 488 Mich 289, 295-296; 795 NW2d 578 (2011).

[7] *G C Timmis & Co v Guardian Alarm Co*, 468 Mich 416, 421; 662 NW2d 710 (2003).

[8] *Omelenchuk v City of Warren*, 466 Mich 524, 528; 647 NW2d 493 (2002), quoting *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992).

## III. STATUTORY BACKGROUND

Article 9 of the Occupational Code requires a person to apply for and obtain a license before operating a collection agency or commencing in the business of a collection agency.[9]  The definition of "collection agency" is

> a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement.[10]

Additionally, "claim" or "debt" means "an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes."[11]

## IV. ANALYSIS

The forwarding companies satisfy the statutory definition of a collection agency. In MCL 339.901(b), "soliciting a claim for collection" refers to the act of asking a creditor for unpaid debt that the collection agency can pursue.  "Solicit" is defined as "to try to obtain by earnest plea or application."[12]  The statute defines "claim" as "an obligation . . . for the payment of money or thing of value."[13]  "For" is defined as "with

---

[9] MCL 339.904(1).

[10] MCL 339.901(b).

[11] MCL 339.901(a).

[12] *Random House Webster's College Dictionary* (1997).

[13] MCL 339.901(a).

the object or purpose of."[14] And "collection" is "the act of collecting."[15] Combining these definitions, "soliciting a claim for collection" means to try to obtain an obligation with the object or purpose of engaging in the act of collecting.

Unfortunately, applying these dictionary definitions does not end our inquiry because the solicitation could still be directed at the debtor or the creditor depending on how the term "obligation" is understood. An obligation for the payment of money can be understood in two ways. On the one hand, a debtor has an obligation in the sense that he or she must pay the creditor the sum of money owed. But on the other hand, a creditor holds all of its debtors' obligations.[16] Thus, the statutory language, without further context, could produce a conclusion that "soliciting a claim for collection" means *either* asking a debtor to pay his or her debts or asking a creditor for any unpaid debts that it needs collected. Looking at the statute as a whole and applying the strictures of statutory interpretation leads to a conclusion that "soliciting a claim for collection" refers to asking a creditor for any unpaid debts that the collection agency may pursue.

Interpreting "soliciting a claim for collection" as asking the creditor for any unpaid debts to pursue is the only construction that avoids rendering the subsequent portions of the definition redundant. Defendants suggest that soliciting a claim for collection refers to asking the debtor to fulfill his obligation. But this construction would be subsumed by

---

[14] *Random House Webster's College Dictionary* (1997).

[15] *Id.*

[16] Indeed, an "obligation" can be the indebtedness itself or evidence of the indebtedness. *Id.*

7

the very next definition of "collection agency"—a person engaged in "collecting or attempting to collect a claim owed or due." Surely asking a debtor to pay his or her debts constitutes an "attempt[] to collect." Put another way, under defendants' construction, "soliciting a claim for collection" would have no meaning not covered by "attempting to collect a claim owed or due." And no meaningful line can be drawn between asking a debtor to pay and attempting to collect the debt that would allow defendants' interpretation could be salvaged. In short, defendants' construction of MCL 339.901(b) violates the rule of statutory interpretation counseling against a construction that renders any part of a statute surplusage or nugatory.

The narrative arc of MCL 339.901(b) suggests that "soliciting a claim for collection" means contacting the creditor regarding any unpaid claims that the collection agency can pursue. Taken together, the three acts that render a person a collection agency—soliciting a claim for collection, attempting to collect, and actually collecting the debt—make up the entire continuum of the debt-collection process. The first step that a collection agency takes is contacting creditors to inquire about any unpaid debts that the collection agency can pursue on the creditors' behalf. Then, the collection agency attempts to collect the debt. Finally, the collection agency, if successful, actually collects the debt. Therefore, the Legislature's apparent desire to impose regulation on the actors in the debt-collection process from beginning to end is best served by our understanding of "soliciting a claim for collection."[17]

---

[17] Importantly, the phrases in MCL 339.901(b) defining a collection agency are separated by the disjunctive "or." Thus, a person need not engage in *all* phases of the collection process to satisfy the statutory definition. Rather, a person need only engage in *one* of

8

The actions that the Occupational Code prohibits a licensed collection agency from engaging in also lend support to our interpretation of "soliciting a claim for collection." MCL 339.915 and MCL 339.915a list acts that a licensee shall not commit. According to MCL 339.915a(f), a licensed collection agency is prohibited from "[s]oliciting, purchasing or receiving an assignment of a claim for the sole purpose of instituting an action on the claim in court." This prohibition necessarily assumes that a person would be a collection agency, and therefore a licensee, when he or she solicits an assignment of a claim for the purpose of instituting an action on the claim in court. Defendants' construction of "soliciting a claim for collection" would render this prohibition meaningless. It makes no sense to say that a person is not a collection agency, and therefore need not obtain a license, until the person contacts a debtor when the Occupational Code regulates collection-agency conduct that occurs *before* any contact is made with a debtor. Our interpretation, on the other hand, brings a person within the definition of "collection agency" at the precise time that the prohibition in MCL 339.915a(f) comes into play—when the person solicits the claim from the creditor.

Consistent with our interpretation is the fact that this Court has described the conduct of contacting a creditor regarding unpaid debts as soliciting claims for collection.

---

the enumerated actions to satisfy the definition. So defendant forwarding companies satisfy the definition despite never directly collecting or attempting to collect debts because they solicit claims for collection. Because it is not essential to our resolution of this case, we express no opinion regarding whether the forwarding companies *indirectly* collect or attempt to collect debts when they contract with a local collection agency. See MCL 339.901(b) (" 'Collection agency' means a person *directly or indirectly* engaged in soliciting a claim for collection or collecting or attempting to collect a claim . . . .") (emphasis added).

In *Bay County Bar Association v Finance System, Inc*, we described the defendant's action of asking creditors for unpaid claims as "solicit[ing] claims for collection."[18] And ours is not the only court to use some version of the phrase "soliciting a claim for collection" to refer to the conduct of asking a creditor for unpaid debts to pursue; rather, our interpretation reflects the common understanding of the language at issue.[19] Our own

---

[18] *Bay Co Bar Ass'n v Fin Sys, Inc*, 345 Mich 434, 436; 76 NW2d 23 (1956).

[19] This caselaw from other jurisdictions employing the same understanding of what it means to solicit a claim for collection shows that our interpretation is consistent with the common understanding of that phrase. See *LeBlanc v Unifund CCR Partners*, 601 F3d 1185, 1198 (CA 11, 2010) ("Unifund, as a debt collector, requests or seeks new clients from other creditors and then attempts to gain business by acquiring charged off consumer debt accounts. . . . Accordingly, we find that Unifund 'solicits' consumer debt accounts."); *Nelson v Smith*, 107 Utah 382, 392; 154 P2d 634 (1944) ("When the defendants solicit the placement of claims with them for collection, they are asking third parties to allow them to render the service of collecting the claim"); *Missouri ex rel McKittrick v C S Dudley & Co*, 340 Mo 852, 863; 102 SW2d 895 (1937) ("[R]espondent, a corporation, solicits the claims and turns them over to an attorney to institute legal proceedings to enforce the collection of these claims . . . ."); *Washington State Bar Ass'n v Merchants' Rating & Adjusting Co*, 183 Wash 611, 615; 49 P2d 26 (1935) ("[U]pon complying with the condition imposed, a person, firm, association, or copartnership may . . . engage in the business of soliciting the right to collect any account . . . ."); *J H Marshall & Assoc, Inc v Burleson*, 313 A2d 587, 591 (DC, 1973) ("[Appellant] publicly solicits accounts for collection and advertises 'no charge unless we collect' "); *New Mexico ex rel Norvell v Credit Bureau of Albuquerque, Inc*, 85 NM 521, 524; 514 P2d 40 (1973) ("One of [the defendant's] principal purposes is the solicitation of claims for collection. The claims are taken pursuant to an agreement between the creditor and the [defendant].");　*West Virginia ex rel Frieson v Isner*, 168 W Va 758, 773; 285 SE2d 641 (1981) (quoting *Nelson* in discussion of the transaction between the collection agency and the creditor); *Thibodeaux v Creditors Servs, Inc*, 191 Colo 215, 217; 551 P2d 714 (1976) ("Section 123 of [the collection agency licensing] statute provides that a 'licensee can solicit claims for collection, take assignments thereof and pursue the collection thereof with necessary collection procedure.' "); *Streedbeck v Benson*, 107 Mont 110, 112; 80 P2d 861 (1938) ("[I]t is alleged that plaintiff operates a collection agency, solicits delinquent accounts, receives the assignment thereof, and attempts by various means and methods to collect the same . . . ."); *Masoni v San Francisco Bd of Trade*, 119 Cal App 2d 738, 739-740; 260 P2d 205 (1953) ("When the Board became aware that somebody

previous use of the language at issue and this extraterritorial caselaw consistent with our use are not dispositive, but they demonstrate our interpretation's satisfaction of the Legislature's command that "words and phrases shall be construed and understood according to the common and approved usage of the language."[20]  In contrast, defendants' understanding of the phrase—that "soliciting a claim for collection" means asking the debtor to pay his or her debts—runs contrary to the common understanding.

Defendants argue that forwarding companies should not be considered collection agencies because their lack of contact with the debtors takes them outside the intended scope of the Occupational Code's regulation.  The forwarding industry did not exist in 1980 when the Legislature passed the statutes at issue in this case, but it does not follow that the forwarding companies must be exempt from regulation.  The meaning of the

_____

was indebted to various creditors it invited said creditors to meet with the Board at its offices and caused those that came to elect a creditors' committee, and said creditors' committee to adopt a resolution authorizing the Board to solicit from all creditors assignments of their claims to an agent of the Board, granting said assignee the right to bring action for collection of said claims, for which collection a fee was charged to the creditors."); *Collection Ctr, Inc v Wyoming*, 809 P2d 278, 279 (Wyo, 1991) (quoting Wy Stat Ann 33-11-114, which states, in part, "[A]ny licensee can solicit claims exclusively for the purpose of collection . . . by suit or otherwise, and for such purpose, shall be deemed to be the real party in interest in any suit brought upon such assigned claim"); *Bryce v Gillespie*, 160 Va 137, 145; 168 SE 653 (1933) ("It is a matter of common knowledge that in recent years there has developed a form of business designated collection agencies. . . .  The ethics of the legal profession prevent its members from soliciting business.  There is no such restraint upon these collection agencies. On the contrary, they actively solicit claims for collection and numerous claims of doubtful value . . . .").

[20] MCL 8.3a.  See *Grange Ins Co v Lawrence*, 494 Mich 475, 493; 835 NW2d 363 (2013) ("Normally, this Court will accord an undefined statutory term its ordinary and commonly used meaning.").

11

statutory language has not changed, and any person that falls under that language is considered a collection agency. We are sympathetic to the fact that the forwarding companies are included in this language even though the Legislature could not have known when it defined collection agencies that the forwarding industry would come to exist. But any revision of the statutory language must be left to the Legislature.[21] Put another way, our concern is not whether forwarding companies, by virtue of their unique business model, *should* be considered collection agencies; this Court may only decide whether forwarding companies satisfy the existing statutory definition. The Legislature might wish to consider revising the definition of "collection agency" in the future. But under existing law, forwarding companies fall within the statutory definition of "collection agency," and this Court will not strain the statute's language just to exempt forwarding companies from the definition.

## V. PROCEEDINGS ON REMAND

Ordinarily, a collection agency—like defendant forwarding companies—is subject to the Occupational Code's licensing requirements.[22] Because the circuit court found its interpretation of the definition of "collection agency" dispositive, it expressly disclaimed any decision regarding defendants' other arguments in their motions for summary

---

[21] *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000) ("Because our judicial role precludes imposing different policy choices than those selected by the Legislature, our obligation is, by examining the statutory language, to discern the legislative intent that may reasonably be inferred from the words expressed in the statute.").

[22] MCL 339.904(1).

12

disposition, including an argument pertaining to the applicability of MCL 339.904(2).[23] Specifically, the circuit court stated: "Defendants have presented several other arguments . . . including . . . potential issues with regard to the regulation of interstate commerce. Although the court notes that relief may be justified based on these arguments as well, the court finds it unnecessary to address these arguments . . . ." Because the circuit court has not considered defendants' other arguments, we remand this case to the circuit court for further proceedings not inconsistent with this opinion.

Additionally, plaintiffs filed a motion to supplement the record shortly before this Court heard arguments in the case. The evidence attached to that motion did not play a role in this Court's determination of the statutory issue at hand. We therefore deny the motion, but we do so without prejudice to plaintiffs' ability to present the evidence to the circuit court in a properly filed motion on remand.

## VI. CONCLUSION

The forwarding companies satisfy the definition of "collection agency" in MCL 339.901(b) because they solicit claims for collection when they contact creditors seeking unpaid debts to allocate to local collection agents. Our interpretation of the phrase "soliciting a claim for collection" is required by the express statutory language and the maxims of statutory interpretation. Ours is the only interpretation of the phrase

---

[23] MCL 339.904(2) provides that a collection agency need not obtain a license "if the person's collection activities in this state are limited to interstate communications." We express no opinion regarding the applicability of this exemption to defendant forwarding companies at issue; instead, we leave the applicability of MCL 339.904(2) for the trial court to address in the first instance.

13

"soliciting a claim for collection" that avoids rendering another provision of the definition of "collection agency" nugatory. Our interpretation is also consistent with the common understanding of what it means to solicit a claim for collection. Accordingly, we vacate Part III(B) of the Court of Appeals judgment and remand this case for proceedings consistent with this opinion. We do not retain jurisdiction.

Brian K. Zahra
Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Bridget M. McCormack
David F. Viviano
