# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES WADE,

        Plaintiff-Appellant,

v

WILLIAM MCCADIE, D.O. and ST. JOSEPH
HEALTH SYSTEM, INC. d/b/a HALE ST.
JOSEPH MEDICAL CLINIC,

        Defendants-Appellees.

UNPUBLISHED
January 29, 2015

No. 317531
Iosco Circuit Court
LC No. 13-007515-NH

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

In this medical malpractice action, plaintiff appeals as of right from an order granting defendants summary disposition pursuant to MCR 2.116(C)(7) (action barred by the statute of limitations) after plaintiff failed to provide an affidavit of merit with his complaint, as required by MCL 600.2912d. We conclude that defendants failed to provide plaintiff with his complete medical records, as required under MCL 600.2912b(5) and, as a result, plaintiff was permitted to file the affidavit of merit within 91 days of the complaint under MCL 600.2912d(3). Because an affidavit of merit was filed within those 91 days, plaintiff's action was not time barred. The trial court erred in applying a "substantial compliance" approach to defendants' clear statutory obligation to provide plaintiff with his complete medical records. The logical result of such an approach would empower defendants in medical malpractice actions to pick and choose what information to supply to a plaintiff, even in the face of clear statutory language that access to all medical records be provided. We therefore reverse and remand for further proceedings. In so doing, we make no comment on the merits of plaintiff's claim.

## I. BASIC FACTS

Plaintiff alleged that following medical examinations in February 2012, he was advised by his treating doctors that he was suffering from renal and kidney failure as a result of poorly controlled hypertension. According to plaintiff, defendant William McCadie, D.O., his regular doctor, breached his duty of care over a prolonged period by failing to properly manage and treat plaintiff's condition, leading to plaintiff's renal and kidney failure. Plaintiff alleged a series of errors on McCadie's part beginning in 2008. Plaintiff admits that his claim accrued on April 21 or 25, 2011, the date when McCadie should have first been aware of plaintiff's renal dysfunction,

-1-

and that he had until April 21 or 25, 2013 to file his claim under the two-year statute of limitations for malpractice actions.

According to plaintiff, he first requested medical records from defendant Hale St. Joseph's Medical Clinic on April 2, 2012. The clinic allegedly prepared a bill for copying plaintiff records on April 23, 2012, which stated, "Records are complete and ready to be mailed." Plaintiff asserts that he paid the requested copying fee on April 26, 2012.

On August 21, 2012, plaintiff's counsel mailed a notice of intent to file suit to defendants St. Joseph Health System and Hale St. Joseph's Medical Clinic and requested access to all of plaintiff's medical records within their control, including billing and payment records, within 56 days under MCL 600.2912b(5). Plaintiff's letter also stated: "Some medical records have already been provided; however, the clinic notes beginning with November 19, 1979, but the laboratory results begin with [1992]. As a result the undersigned would request the entire chart be provided". Plaintiff's counsel also specifically referenced and described the following medical records: blood pressure readings from 1991 through 2011; a fluctuation in "BUN, creatinine, and BUN/creatinine ratio" between 1992 and 2000; creatinine levels from 2008 and 2009; prescriptions for medication from 1992 and 1993; and McCadie's notes through 2012. Also, plaintiff's counsel, using the medical records provided to date, the letter outlines McCadie's failure to control plaintiff's blood pressure, hypertension, and creatinine levels. The letter asserts that plaintiff's acute and prolonged hypertension began in 2008, and that McCadie failed at that time to refer plaintiff to a specialist. Further, the letter asserts that McCadie ignored "ominous" laboratory results in 2011, which made it clear that plaintiff was suffering from significant renal dysfunction.

Plaintiff filed his complaint on February 22, 2013, and on February 28, 2013, submitted a request for production of documents, including all medical and billing records in defendants' control. On May 15, 2013, defendants' counsel sent a letter to plaintiff's counsel, stating the following:

> At our meeting to exchange medical records for the above referenced case on April 24, 2013, you had requested that we look into whether your client's laboratory records for the time period prior to 1992 were available.

> Michigan Public Health Code section 333.16213(1) only requires that medical records be retained for a minimum of (7) years, however, we also asked our client to examine their records again to see if the laboratory results were still in existence. Upon information and belief, laboratory results pertaining to [plaintiff] for the time period prior to 1992 no longer exist. Those records were destroyed in a manner consistent with the requirements of Michigan Public Health Code section 333.16213(4).

On May 7, 2013, defendants filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff failed to provide an affidavit of merit with his complaint as required by MCL 600.2912d. Plaintiff filed a response to defendants' motion for summary disposition on May 28, 2013, along with an affidavit of merit signed by Richard Stern, M.D., who opined, based on a review of plaintiff's medical records, that McCadie's negligent acts and

omissions were the direct and proximate cause of plaintiff's acute renal failure in February 2012. Plaintiff argued that he was permitted to file the affidavit of merit within 91 days of the complaint under MCL 600.2912d(3) because defendants failed to provide him with his complete medical records as they were required to do under MCL 600.2912b(5).

Defendants replied that they mailed plaintiff's counsel all of plaintiff's medical records within their control in April 2011, which is all that is required of them under MCL 600.2912b(5). Defendants also argued that medical records between 1979 and 1992 were not related to plaintiff's malpractice claim, as required under MCL 600.2912b(5), and that plaintiff received enough records to file an affidavit of merit.

At the hearing on defendants' motion, defendants' counsel said she had no knowledge of any records in defendants' possession that were not provided to plaintiff, but that some of his records had been destroyed. The trial court granted defendants' motion on the basis that plaintiff had failed to show that defendant did not comply with MCL 600.2912b(5), explaining as follows:

> All right. Well, I'm granting defendant's motion for summary disposition in this case. I . . . think defendant has complied with the statute, especially considering basically the defendant being able to destroy records that are more than seven years old. Did I say that right? I mean, we have . . . a situation here where plaintiff is, I guess, asking me to find that plaintiff was excused from filing this Affidavit of Merit with the Complaint by that exception, and I just think that plaintiff has failed to show that the exception applies so, therefore, I am granting defendant's motion.

The trial court entered its order granting defendants' motion on June 20, 2013 and entered a final order dismissing the case on August 2, 2013. Plaintiff now appeals as of right.

## II. ANALYSIS

This Court reviews de novo the trial court's decision to grant or deny a motion for summary disposition. See *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). "When reviewing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery." *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010). In the absence of disputed facts, whether a plaintiff's claim is barred by a statute of limitations is a question of law for a court to decide. See *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 230; 561 NW2d 843 (1997).

Under MCL 600.5805(6), a plaintiff bringing an "action charging malpractice" must commence the action within two years after the claim first accrued. Plaintiff admitted below (and does not now contest) that his claim accrued on April 21 or 25, 2011, such that the two-year statute of limitations was set to expire on April 21 or 25, 2013.

Additionally, MCL 600.2912d(1) provides that a plaintiff bringing a malpractice action must file with the complaint an "affidavit of merit," in which a health professional meeting the

requirement of an expert witness certifies, based on the expert's review of the medical records supplied, that the defendant breached the duty of care to the plaintiff and caused the plaintiff to suffer an injury. "[W]hen a plaintiff 'wholly omits to file the affidavit required by MCL 600.2912d(1),' 'the filing of the complaint is ineffective, and does not work a tolling of the applicable period of limitation.' " *Ligons v Crittenton Hosp*, 490 Mich 61, 73; 803 NW2d 271 (2011) (citations and internal quotation marks omitted). "When the untolled period of limitations expires before the plaintiff files a complaint accompanied by an [affidavit of merit], the case must be dismissed with prejudice on statute-of-limitations grounds." *Id.*

There are two exceptions to the requirement in MCL 600.2912d(1) that the affidavit of merit be filed with the complaint. Under MCL 600.2912d(2), a court may, upon motion and for good cause shown, permit a plaintiff to file an affidavit of merit within 28 days after the filing of the complaint. And under MCL 600.2912d(3), an affidavit of merit may be filed within 91 days after the filing of the complaint "[i]f the defendant . . . fails to allow access to medical records within the time period set forth in" MCL 600.2912b(5).[1] MCL 600.2912b(5) gives a defendant 56 days from their receipt of the plaintiff's notice of intent to sue in which to give the plaintiff access to "all medical records related to the claim that are in the control of the health professional or health facility."

Plaintiff did not file an affidavit of merit with his complaint, nor did he file a motion seeking an additional 28 days under MCL 600.2912d(2). Instead, plaintiff argues that his claim is not time-barred under MCL 600.5805(6) because defendants failed to provide him access to all of his medical records within 56 days of receiving his notice of intent to sue under MCL 600.2912b(5), such that his May 28, 2013 affidavit of merit was timely filed within 91 days of his February 22, 2013 complaint under MCL 600.2912d(3). We agree.

Plaintiff specifically requested all of his medical records and billing information from defendant by way of a notice of intent, as well as two follow-up letters. Although defendants provided plaintiff with his medical records dating 1979 to 2012, the records did not include his laboratory test results dated before 1992, nor did they include any billing records. Incredibly, defendants offered absolutely no explanation for their failure to provide plaintiff with these records, despite repeated requests. Nor did defendants permit access to the requested documents. Believing that defendants had not complied with their obligation to provide access to all medical records, plaintiff understood that he had an additional 91 days to file an affidavit of merit, in accordance with MCL 600.2912d(3). Only after plaintiff filed his complaint without the affidavit of merit did defendants offer an explanation for their failure to provide the information. They explained that the laboratory tests dated before 1992 had been destroyed. Defendants continued to offer absolutely no explanation for their failure to provide plaintiff with his billing records. It is only on appeal that defendants now contend that billing records are not "medical records" as that term is defined in MCL 333.26263(i). In the trial court, defendants successfully argued that, even if the records had not been supplied, plaintiff was not excused from filing an

---

[1] The parties do not dispute that MCL 600.2912d(3) mistakenly refers to MCL 600.2912b(6), instead of § 2912b(5).

affidavit of merit at the time he filed his complaint because, *in defendants' opinion*, plaintiff had "sufficient" information from which to draft an affidavit of merit. Therefore, defendants were rewarded for their gamesmanship. We reject the trial court's approach because it has sent a message to defendants in malpractice actions that they may, without sanction, fail to provide statutorily required information and make their own determination as to what records are relevant to a plaintiff's claim.

The clear and unambiguous language of the statutes at play requires a different result. "The primary goal of statutory interpretation is, of course, to give effect to the Legislature's intent. The focus of our analysis must be the statute's express language, which offers the most reliable evidence of the Legislature's intent." *Badeen v PAR, Inc*, 496 Mich 75, 81; 853 NW2d 303 (2014).

MCL 600.2912b(5) provides that within 56 days of receiving a plaintiff's notice of intent to sue "the health professional or health facility shall allow the claimant access to *all* medical records related to the claim that are in the control of the health professional or health facility." (Emphasis added). MCL 600.2912d(3) permits a plaintiff an additional 91 days after filing the complaint to provide an affidavit of notice "[i]f the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth." The parties agree that MCL 333.26263(i) sets forth the relevant definition of "medical records": "'Medical record' means information oral or recorded in any form or medium that pertains to a patient's health care, medical history, diagnosis, prognosis, or medical condition and that is maintained by a health care provider or health facility in the process of caring for the patient's health."

Under the plain language of § 26263(i), plaintiff's laboratory test results dated before 1992 are clearly medical records that defendants had a duty to produce under § 2912b(5). Plaintiff concedes that records properly destroyed in accordance with the law are not within defendants' control and are, therefore, excused from production. However, even if certain records were not within defendants' control because they had been lawfully destroyed, the reason and explanation for why they were not supplied *were* within defendants' control. Upon receiving the request for records with plaintiff's notice of intent to sue, defendants were obligated to either turn over those records or offer a timely explanation for why they were no longer available. There was no justification or excuse for waiting until after the complaint was filed before investigating why the records were missing and supplying plaintiff with that information.

The plain language of § 26263(i) also compels a finding that patient billing information is part of a patient's medical records. As conceded by defense counsel at oral argument, billing information includes diagnostic procedure codes, dates of testing, and charges for treatment. Plaintiff sought to compare his billing information with the clinical records. Under the broad definition of "medical record", a patient's billing information clearly pertains to the patient's "health care, medical history, diagnosis, prognosis, or medical condition." Again, defendants' novel argument that billing information is not subject to production is made only in this court – it was never raised or addressed by the trial court and merits little discussion.

Defendants nevertheless take a "no harm/no foul" approach. They argue that plaintiff had enough information to prepare an affidavit of merit at the time he filed his complaint.

However, nowhere in § 2912b(5) does it provide that a plaintiff be given access to medical records a *defendant* deems appropriate for a plaintiff to have in order to be able to prepare an affidavit of merit. It simply provides that within 56 days of receiving a plaintiff's notice of intent to sue "the health professional or health facility shall allow the claimant access to *all* medical records related to the claim that are in the control of the health professional or health facility." Although MCL 600.2912b(5) contains the phrase "related to the claim", defendants are not permitted to determine what is relevant, especially in the face of a specific request.[2] Instead, a medical malpractice plaintiff is entitled to either receive or access *all* of his medical records within the defendants' control, including billing information. The trial court erroneously adopted a substantial compliance approach to excuse defendants' statutory obligation.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer

---

[2] We read "related to the claim" to simply exclude those records irrelevant to the potential claim; for example, a medical malpractice case alleging malpractice as to a knee replacement would not include medical records for an uneventful pregnancy and birth occurring five years earlier. Even here, defendants do not contest that the records requested by plaintiff were "related to the claim."