ROBINSON v DEPARTMENT OF TRANSPORTATION

Docket No. 53519. Submitted June 3, 1981, at Lansing.—Decided October 1, 1981.

Plaintiffs, Wayne Robinson and Stanley Robinson, the personal representatives of the estate of Pearl N. Robinson, deceased, James Lee, June Lee, and others, filed a complaint in the Eaton Circuit Court against the Michigan Department of Transportation, alleging that defendant's proposed extension of Interstate 69 through Eaton County posed a threat to the natural resources of the area in violation of the environmental protection act of 1970. Plaintiffs were granted a temporary restraining order, but the trial court, Richard Robinson, J., after a hearing, granted the defendant's motions to dissolve the restraining order and for a summary judgment. Plaintiffs appeal, contending the trial court erred in dissolving the restraining order and in granting the summary judgment on the basis of a previous lawsuit which had been filed in Ingham County. *Held:*

1. This suit could have been brought in either Eaton County, because the alleged environmental damage will occur there, or Ingham County, if it is shown defendant is located there and made the decision there which allegedly violated the act.

2. The action was properly dismissed as to all the plaintiffs based upon the denial of a motion for a temporary restraining order in the Ingham County case since the court rules bar an application for injunctive relief where a previous application on the same matter has been denied.

3. The trial court properly dismissed plaintiffs' complaint since the Ingham Circuit Court had taken jurisdiction of the matter and all the parties were adequately represented, or could be represented in that suit.

Affirmed.

1. ENVIRONMENT — ACTIONS — JURISDICTION.

The provision of the environmental protection act of 1970 providing that any person may maintain an action in the circuit

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pollution Control § 574.
[2] 42 Am Jur 2d, Injunctions § 247 *et seq.*

court having jurisdiction where the alleged violation occurred or is likely to occur is intended to limit suits to the place or places where the defendant has acted, that is, to a place where the conduct that allegedly violated the law has occurred; such actions may be brought in the county where the alleged environmental damage will occur or in the county where the defendant is located and made the decision which allegedly violated the act (MCL 691.1202[1]; MSA 14.528[202][1]).

2. Injunctions — Defenses — Bar — Court Rules.

An application for injunctive relief is barred where a previous application on the same matter has been denied (GCR 1963, 718.8).

*Woodrow A. Deppa* and *Glassen, Rhead, McLean & Campbell* (by *R. F. Rhead*), for plaintiffs.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Louis J. Caruso*, *Patrick McElmurry* and *David L. Balas*, Assistants Attorney General, for defendant.

Before: Beasley, P.J., and M. J. Kelly and N. A. Baguley,* JJ.

Per Curiam. Plaintiffs filed a complaint in the Eaton County Circuit Court alleging that defendant's proposed extension of Interstate 69 through Eaton County posed a threat to the natural resources of the area, constituting a violation of the environmental protection act of 1970.[1] Plaintiffs were granted a temporary restraining order, but the trial court, after a hearing, granted defendant's motions to dissolve the restraining order and for a summary judgment. Plaintiffs appeal as of right.

In granting defendant's motions, the trial court said:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.*

"Well, I'm going to dissolve the temporary restraining order at this time because I'm not sure this suit should even be here. It looks to me, Mr. Rhead [plaintiff's attorney], as though these people, most of whom are apparently parties plaintiff to the suit in Ingham County, are seeking the same relief here that they sought there. The fact that there are additional parties I don't think makes any difference. Those parties could have joined in that suit over there and probably can still join, since the suit's still alive.

"The jurisdictional question does not impress me, although the statute says that they may start it in the county wherever the threat is about to take place. The suit started by plaintiff in Ingham County has been pending there for apparently more than two years, or at least two years. No challenges were made for that jurisdiction up to this point. That case was still pending, in my opinion, seeking the same relief here that it was there. I don't believe that this case should even be here, so your motion for summary judgment, Mr. McElmurry, is also granted."

The Ingham County lawsuit referred to by the trial court is entitled *Concerned Citizens Committee v Michigan State Highway Comm*,[2] and was commenced on June 1, 1978. In the Ingham County case the plaintiffs are represented by the same attorney who represents the plaintiffs in the instant case. In that case, a request was made for certification as a class action. Some of the original plaintiffs in that case are also plaintiffs here and, with the exception of the McCulloughs and the estate of Pearl N. Robinson, the remaining plaintiffs here have all filed requests to be included in the Ingham County case.

As of the time of the submission of the instant case to the Court of Appeals, the trial judge in the Ingham County suit had not determined the Ing-

2 Ingham County Docket No. 78-21793-AZ; Court of Appeals Docket No. 55857, *lv den* April 13, 1981.

ham County case to be a class action. However, he issued an order on June 23, 1980, denying plaintiffs' motion for a preliminary injunction, stating that plaintiffs had "failed to demonstrate a substantial likelihood of success on the merits when the case is tried". The Eaton County suit was subsequently filed on August 14, 1980.

Plaintiffs contend that the trial court erred in granting summary judgment on the basis that a previous lawsuit had been filed in Ingham County. They argue that the alleged violations of the environmental protection act would occur only in Eaton County and, therefore, the Eaton County Circuit Court has exclusive jurisdiction to hear the suit. Plaintiffs' position is based on the following language in the act:

"The attorney general, any political subdivision of the state, any instrumentality or agency of the state or of a political subdivision thereof, *any person,* partnership, corporation, association, organization or other legal entity *may maintain an action in the circuit court having jurisdiction where the alleged violation occurred or is likely to occur* for declaratory and equitable relief against the state, any political subdivision thereof, any instrumentality or agency of the state or of a political subdivision thereof, any person, partnership, corporation, association, organization or other legal entity for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction."[3] (Emphasis added.)

Plaintiffs argue that the word "may" in the above-quoted statute is meant to be construed as a mandatory jurisdictional requirement rather than as a permissive venue statute. We disagree. We believe that the authors of *Michigan's Environ-*

___

[3] MCL 691.1202(1); MSA 14.528(202)(1).

*mental Protection Act of 1970: A Progress Report*[4] correctly stated the purpose of this section of the act:

"[I]t would seem natural to read the EPA as referring to a violation of the law rather than to the more poetic 'violation of the environment.' There is no documentary evidence on this last point, but those involved in drafting the statute did have a specific restriction in mind. They feared that some environmental problems were so pervasive that a plaintiff in the Upper Peninsula might sue there for air pollution that occurred in. Detroit. Thus, to protect defendants, rather than speaking of the place where the injury occurred, the Act limits suit to the place or places where the defendant has acted; that is, to a place where the conduct that allegedly violated the law has occurred.

"It was understood that—in cases like *Tanton v Dep't of Natural Resources,* Charlevoix Circuit Court (1972)— this would permit suits either in Lansing or at the site of the alleged physical conduct, and thus would be consistent with the general venue provision that states: 'if the cause of action arose in the county of the principal office of [a] governmental unit [that] county is the proper county in which to commence and try actions against such governmental units.' "[5] (Footnotes omitted.)

We conclude that the within matter could have been brought in either Eaton County or Ingham County. It could have been brought in Eaton County because the alleged environmental damage will occur there. On the other hand, if defendant is located in Ingham County and made the decision there which allegedly violated the act, the action could have also been brought in Ingham County.

Furthermore, regardless of the status of the

---

[4] Sax and Conner, *Michigan's Environmental Protection Act of 1970: A Progress Report,* 70 Mich L Rev 1004 (1972).

[5] 70 Mich L Rev 1074.

Ingham County case as a class action, we find another compelling reason for dismissing this cause of action as to all the plaintiffs. GCR 1963, 718.8 bars an application for injunctive relief where a previous application on the same matter has been denied. Obviously, injunctive relief against the proposed highway construction would benefit all plaintiffs in the present case, regardless of whether they were represented in the Ingham County case. To allow any of the plaintiffs to maintain this action, including those who were not plaintiffs in the Ingham County case, would circumvent the court rule and allow the kind of forum shopping the rule was intended to prevent.

The trial court properly dismissed plaintiffs' complaint on the basis that the Ingham County Circuit Court had taken jurisdiction of the matter, and that all the parties were adequately represented, or could be represented in that suit.

The remaining issues raised on this appeal are without merit and do not warrant discussion.

Affirmed.