HANTON v HANTZ FINANCIAL SERVICES, INC

Docket No. 314889. Submitted September 4, 2014, at Detroit. Decided
    September 23, 2014, at 9:00 a.m. Leave to appeal sought.

Anne M. Hanton, trustee of the Anne M. Hanton trust dated May 18,
    2006, brought an action in the Montmorency Circuit Court against
    Hantz Financial Services, Inc. (HFS), and others, seeking to
    recover investment losses arising from the sale of promissory notes
    by HFS. Plaintiff alleged that the issuers of the notes were
    engaged in a Ponzi scheme and defendants failed to exercise due
    diligence regarding the sale. Plaintiff alleged that she was filing
    the action individually and as a class action on behalf of all persons
    and entities to whom HFS publically offered, distributed, and sold
    the promissory notes, except for defendants, various individuals
    related to defendants, and Raymond Bergin. Plaintiff alleged that
    Bergin had brought a civil action in the Oakland Circuit Court
    against the same defendants based on the sale of the promissory
    notes and that the action was still pending. *Bergin v Hantz Fin
    Servs, Inc* (Oakland Circuit Court Docket No. 10-114541-NZ). In
    the *Bergin* action, the defendants filed a notice under MCR
    3.501(B)(2), seeking to strike the class action allegations on the
    basis of Bergin's failure to timely move for class certification. The
    trial court determined that Bergin had failed to timely move for
    class certification and denied Bergin's motion for an extension of
    time. On March 10, 2011, the court in *Bergin* granted Bergin's
    motion to dismiss, without prejudice, subject to a condition pro-
    viding that any rulings or orders in the case shall be deemed final
    and binding in any refiled case where Bergin is a named plaintiff
    individually or is a class member and the same or substantially
    similar claims are made against the defendants named in *Bergin*.
    The *Bergin* case was ultimately dismissed pursuant to a stipulated
    order that was expressly made subject to the terms of a settlement
    agreement entered into by the parties. The settlement agreement
    provided, in part, that Bergin agreed not to opt out of, or consent
    to be excluded from, any refiled case where Bergin would qualify as
    a class member and where the same or substantially similar claims
    are made against the named defendants in *Bergin*. The agreement
    provided that, in such an event, Bergin will not participate as, or
    apply for the status of, lead plaintiff and shall be entitled to his pro

rata portion of any benefits or award he would otherwise be entitled to as a class participant. The agreement also provided that Bergin acknowledged that any rulings or orders made by the court in *Bergin* shall be deemed final and binding in any refiled case. Shortly before the *Bergin* case was dismissed, Hanton moved in the Montmorency Circuit Court for a change of venue to Oakland County. The court held that venue was proper in Montmorency County if Hanton pursued the action as an individual and that, if Hanton wanted to proceed with a class action, venue would be transferred to Oakland County. Hanton filed a motion for class certification in the Montmorency Circuit Court and the court entered a stipulated order transferring venue to the Oakland Circuit Court, where the case was assigned to the same judge who dismissed the *Bergin* case. Hanton then brought a motion for class certification and defendants responded by alleging that the action was barred by the March 10, 2011 order in the *Bergin* case. Following a hearing, the trial court, Leo Bowman, J., denied Hanton's motion for class certification and struck the class action allegations on the basis that the order in the *Bergin* case was binding on Hanton. The Court of Appeals granted Hanton's application for leave to appeal in an unpublished order.

The Court of Appeals *held*:

1. The plain language of MCR 3.501 does not support a holding that Bergin's failure to comply with MCR 3.501(B)(1) should apply to Hanton, who was an unnamed putative class member in the *Bergin* case. The language in the court rule states that the time limit applies to a specific plaintiff. This language cannot be generalized to apply to unnamed putative class members. As applied to the *Bergin* case, MCR 3.501(B) applied to Bergin, the named plaintiff who commenced the action, not all unnamed putative class members.

2. Bergin was not acting as a class representative at the time he commenced his action. After the class action allegations were stricken, the action was continued by Bergin as an individual, not as a class representative. Any subsequent orders in the *Bergin* case accordingly applied only to Bergin himself.

3. The fact that Hanton retained the same attorney to file her action as did Bergin is not dispositive.

4. The purpose of MCR 3.501(B) is not rendered meaningless by allowing more than one complaint containing similar class action allegations. Every complaint is subject to the 91-day deadline provided in the court rule.

5. Hanton could not have intervened in the *Bergin* case pursuant to MCR 3.501(A)(4) because there was no class certification and, thus, Hanton was not a member. The order of the trial court is reversed and the matter is remanded to the trial court for further proceedings.

Reversed and remanded.

*McGraw Morris PC* (by *Thomas J. McGraw* and *Christopher J. Raiti*) and *Scarlett, Gucciardo & Hirsch, PA* (by *Scott D. Hirsch, Bradford M. Gucciardo*, and *Charles E. Scarlett*), and *Giarmarco Mullins & Horton PC* (by *Larry W. Bennett*) for plaintiff.

*Jaffe Raitt Heuer & Weiss PC* (by *Peter M. Alter, Brian G. Shannon*, and *James W. Rose*) for defendants Allen J. Klein, Edward E. Vettel, Jr., and Stephen R. Zurawski.

*The Miller Law Firm, PC* (by *E. Powell Miller* and *Brian E. Etzel*), for defendants Hantz Financial Services, Inc., Hantz Group, Inc., John F. Beebe, John F. MacIntosh, Lisa C. McClain, Duane A. McCollum, Jamie M. Racine, Michael O. Reid, Jeffrey H. Soper, Charles F. Tourangeau, Renee A. Yaroch, and John R. Hantz.

Before: HOEKSTRA, P.J., and WILDER and FORT HOOD, JJ.

FORT HOOD, J. Plaintiff appeals by leave granted from the trial court's order denying her motion for class certification, striking class allegations from plaintiff's amended complaint, and allowing plaintiff's action to proceed only as an individual action. We reverse and remand for further proceedings.

This class action involves various claims brought by plaintiff, Anne M. Hanton, as trustee of the Anne M. Hanton Trust dated May 18, 2006, against defendant

Hantz Financial Services, Inc. (HFS), and various other defendants who allegedly controlled HFS, to recover investment losses arising from HFS's sale of promissory notes issued by Medical Capital Holdings, Inc. (Med Cap), and its subsidiary Medical Provider Funding Corporation V (Med Cap V). Plaintiff alleged that Med Cap and Med Cap V were engaged in a Ponzi scheme and that defendants failed to exercise due diligence regarding the matter.

Plaintiff initially filed this action in the Montmorency Circuit Court in October 2011. In an amended complaint filed on October 19, 2011, plaintiff alleged that another civil action arising out of the same occurrence, *Bergin v Hantz Fin Servs, Inc* (Oakland Circuit Court Docket No. 10-114541-NZ) (the "*Bergin* case"), was previously filed in the Oakland Circuit Court, where it was still pending. Plaintiff alleged that she was filing the class action individually and on behalf of all persons and entities to whom HFS publically offered, distributed, and sold promissory notes issued by Med Cap and Med Cap V, except for defendants, various individuals related to defendants, and Raymond Bergin.

Raymond Bergin was the plaintiff in the *Bergin* case. Similar to this case, Bergin filed a complaint against the defendants and sought class certification to represent the interests of various individuals who allegedly suffered investment losses involving HFS's sale of promissory notes issued by Med Cap. Bergin's complaint was filed in the Oakland Circuit Court in October 2010, and was amended in November 2010. The defendants filed a notice under MCR 3.501(B)(2), seeking to strike the class action allegations on the basis of Bergin's failure to timely move for class certification. At a hearing on February 9, 2011, the trial court agreed that Bergin had failed to timely move for class certification and denied

Bergin's motion for an extension of time. On March 10, 2011, the court entered an order granting Bergin's motion to dismiss, without prejudice, subject to the following two conditions:

> (1) Any rulings and/or orders made by this Court in the case of Raymond L. Bergin, on his own behalf and on behalf of those similarly situated v. Hantz Financial Inc., et al 2010-114541-NZ, shall be deemed final and binding in any refiled case where Plaintiff Bergin is a named Plaintiff individually and/or is a class member and the same or substantially similar claims are made against the named Defendants herein; (2) Costs and reasonable attorney fees shall be paid and are awarded to Defendants for defense of the herein claims Plaintiff now seeks to dismiss.

The *Bergin* case was ultimately dismissed in November 2011 pursuant to a stipulated order that was expressly made subject to the terms of a settlement agreement entered into by Bergin and the defendants and "for the reasons set forth on the record and stated set [sic] in the Opinion and Order dated March 10, 2011[.]" The settlement agreement further provided:

> 5. Refiled Class Action. . . . [N]otwithstanding Defendants' position that any future attempt to pursue class claims similar to Bergin's putative class claims (that were stricken) is improper, Bergin hereby agrees not to opt out of, or consent to be excluded from, any refiled case, whether currently pending or not, where Bergin would qualify as a class member and where the same or substantially similar claims are made against the named Defendants herein. In such an event, Bergin will not participate as, or apply for the status of, lead plaintiff, and shall be entitled to his pro rata portion of any benefits or award he would otherwise be entitled to as a class participant.
>
> 6. Bergin acknowledges that, consistent with the March 10, 2011 Opinion and Order, "Any rulings and/or orders made by this Court in the case of Raymond L. Bergin, on his own behalf and on behalf of those simi-

larly situated v. Hantz Financial Inc., . . . shall be deemed final and binding in any refiled case."

Shortly before the *Bergin* case was dismissed, defendants in this case moved for a change of venue to Oakland County. In December 2011, the Montmorency Circuit Court held that venue was proper in Montmorency County if plaintiff pursued this action as an individual. If plaintiff wanted to proceed with a class action, venue would be transferred to Oakland County. In January 2012, plaintiff filed a motion for class certification in the Montmorency Circuit Court, and on February 13, 2012, the Montmorency Circuit Court entered a stipulated order transferring venue to the Oakland Circuit Court, where the case was assigned to the same judge who dismissed the *Bergin* case.

In September 2012, defendants filed a joint response to plaintiff's motion for class certification in which they argued, in part, that a class action was barred by the trial court's March 10, 2011 order in the *Bergin* case. Following a hearing, the trial court denied plaintiff's motion for class certification and struck the class action allegations. The court determined that the March 10, 2011 order in the *Bergin* case, which denied the request to extend the time for filing a motion for class certification because Bergin did not meet the time requirements of MCR 3.501(B), was binding on plaintiff in this case. The court further held:

> Having reviewed Confidential Settlement Agreement and Mutual Release, this Court finds that the unambiguous language states that Bergin (1) agreed not to opt out of, or consent to be excluded from any refiled cases where he would qualify as a class member and where the same or substantially similar claims are made against defendants and (2) acknowledged that any rulings in the *Bergin* case are deemed final and binding in any refiled case. When this

Court considers plaintiff's decision to expressly exclude Plaintiff Bergin in the class allegations, it is left with the distinct impression that plaintiff was attempting to avoid the ramifications of the rulings in the *Bergin* case and specifically the ruling that plaintiff's retained counsel failed to file a timely motion to certify the class action pursuant to MCR 3.501(B)(1). In the *Bergin* case, defendants filed a notice pursuant to MCR 3.501(B)(2) to strike class action allegations and to allow the lawsuit to continue against the named parties alone. Additionally, this Court denied plaintiff's motion to allow filing of class certification motion beyond ninety-one days pursuant to MCR 3.501(B)(1) based on excusable negligence. Plaintiff failed to direct this Court's attention to any statute, court rule, or case law to support that it could merely file a subsequent class action with a new named plaintiff when the prior attempt to certify the class contains both a failure to certify within 91 days and an order that all rulings are binding on future cases based on substantially similar claims made against named defendants. As such, this Court finds that it is appropriate to strike the class allegations from plaintiff's amended complaint and to allow this matter may [sic] proceed as an individual action only based on the ruling in the *Bergin* case.

Plaintiff thereafter sought leave to appeal, which was granted by this Court.[1] On appeal, plaintiff argues that the trial court erred by denying plaintiff's motion for class certification and striking the class allegations in plaintiff's complaint. Plaintiff asserts that the trial court erroneously determined that her class action was barred because Bergin failed to comply with MCR 3.501(B)(1)(a), or because of any order entered in the *Bergin* case. We agree.

"Interpreting the meaning of a court order involves questions of law that we review de novo on appeal."

---

[1] *Anne M Hanton Trust Dated May 18, 2006 v Hantz Fin Servs Inc*, unpublished order of the Court of Appeals, entered April 26, 2013 (Docket No. 314889).

*Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 460; 750 NW2d 615 (2008). We review the proper interpretation and application of a court rule, including MCR 3.501, de novo. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). "The analysis a court must undertake regarding class certification may involve making both factual findings and discretionary decisions." *Mich Ass'n of Chiropractors v Blue Cross Blue Shield of Mich*, 300 Mich App 551, 559; 834 NW2d 148 (2013). "We review the trial court's factual findings for clear error and the decisions that are within the trial court's discretion for an abuse of discretion." *Id*. The burden of establishing that the requirements for a certifiable class are satisfied is on the party seeking to maintain the certification. *Tinman v Blue Cross & Blue Shield of Mich*, 264 Mich App 546, 562; 692 NW2d 58 (2004); see also *Henry*, 484 Mich at 509.[2]

The principal issue in this appeal is whether the March 10, 2011 order in the *Bergin* case binds plaintiff, an unnamed putative class member. To decide the issue, we consider the construction and effect of the time limit in MCR 3.501(B)(1) as it applies to an unnamed putative class member.

When construing a court rule, a court applies principles of statutory construction to determine the intent of the rule. *Badeen v PAR, Inc*, 300 Mich App 430, 439; 834 NW2d 85 (2013), vacated in part and remanded on other grounds 496 Mich 75 (2014). A court first consid-

---

[2] The record does not support defendants' argument that the trial court denied class certification and struck the class allegations from plaintiff's complaint as a sanction for failure to comply with a court order and therefore its determinations should be reviewed for an abuse of discretion. See *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). The trial court did not impose any sanctions in this case, but instead determined that plaintiff was bound by the order issued in the *Bergin* case.

ers the plain language of the rule in order to determine its meaning. *Henry*, 484 Mich at 495. The intent is determined by examining the rule itself and its placement within the Michigan Court Rules as a whole. *Id.*

MCR 3.501(B) provides the following relevant procedures for certifying a class action:

(1) *Motion.*

(a) Within 91 days after the filing of *a complaint* that includes class action allegations, *the plaintiff* must move for certification that the action may be maintained as a class action.

(b) The time for filing the motion may be extended by order on stipulation of the parties or on motion for cause shown.

(2) *Effect of Failure To File Motion.* If *the plaintiff* fails to file a certification motion within the time allowed by subrule (B)(1), the defendant may file a notice of the failure. On the filing of such a notice, the class action allegations are deemed stricken, and the action continues by or against *the named parties* alone. The class action allegations may be reinstated only if *the plaintiff* shows that the failure was due to excusable neglect. [Emphasis added.]

Although "plaintiff" is not defined in this court rule, MCR 2.201(A) provides that "[t]he party who commences a civil action is designated as plaintiff . . . ." Pursuant to MCR 2.101(B), "[a] civil action is commenced by filing a complaint with a court."

We hold that the plain language of MCR 3.501 does not support a holding that Bergin's failure to comply with MCR 3.501(B)(1) should apply to plaintiff, who was an unnamed putative class member in the *Bergin* case. First, the language in the court rule states that the time limit applies to a specific plaintiff, and this language should not and cannot be generalized to apply to

unnamed putative class members. The use of the indefinite article "a" before "complaint" in MCR 3.501(B)(1)(a) "indicates that a plaintiff may file more than one complaint containing class action allegations . . . ." *Badeen*, 300 Mich App at 440. In juxtaposition, the definite article "the" before "plaintiff" in MCR 3.501(B)(1) and (2) reflects an intent to refer to a particular plaintiff. See *Robinson v City of Lansing*, 486 Mich 1, 14; 782 NW2d 171 (2010) (noting that "the" and "a" have different meanings and that "the" is a definite article "with a specifying or particularizing effect," and "a" is an indefinite article with a generalizing effect) (quotation marks and citations omitted); see also *Barrow v Detroit Election Comm*, 301 Mich App 404, 414; 836 NW2d 498 (2013) (noting that the definite article "the" denotes a particular item instead of a general item). Similarly, the use of the word "the" before "named parties" in MCR 3.501(B)(2) indicates an intent to refer to particular named parties. As applied to the *Bergin* case, MCR 3.501(B) applied to Raymond Bergin, who was the named plaintiff who commenced the civil action. We do not agree that the plain language of MCR 3.501(B) applies to all unnamed putative class members, such as plaintiff.

Second, we also reject any assertion that Raymond Bergin was acting as a class representative at the time he commenced the action. "Pursuant to MCR 3.501(A)(1), members of a class may *only* sue . . . as a representative party of all class members *if* the prerequisites dictated by the court rule are met." *Henry*, 484 Mich at 496. "[N]ot until the class is certified does a class member have any duty to take note of the suit or to exercise any responsibility with respect to it . . . ." *Cowles v Bank West*, 476 Mich 1, 18; 719 NW2d 94 (2006) (quotation marks and citation omitted). In the *Bergin* case, the requirements for class certification had

not been established or considered. Therefore, the class did not exist, and unnamed class members had no duty or obligation in relation to the suit. In addition, MCR 3.501(B)(2) provides that after the defendant files a notice of the failure to file a certification motion, "the action continues by or against the named parties alone." In the *Bergin* case, the defendants had filed a notice of the failure to file a certification motion. Pursuant to MCR 3.501(B)(2), the class action allegations were therefore stricken and the action was continued by the named party only. Thus, the action was continued by Raymond Bergin as an individual, and not as a class representative. Accordingly, any subsequent orders in the case would only apply to Bergin. The fact that Bergin went on to settle his claims against the *Bergin* defendants by entering into a settlement agreement lends further support to our holding that Bergin continued as an individual in the *Bergin* case. There is no indication that the monetary relief provided to Bergin was shared among all putative class members in the *Bergin* case. Moreover, the compromise reached was never approved by the trial court, and putative class members were not given notice of the settlement. MCR 3.501(E).

Third, additional provisions in the court rule lend further support to our interpretation that unnamed putative class members were not bound by the *Bergin* case. MCR 3.501(B)(3)(e) provides that "[i]f certification is denied or revoked, the action shall continue by or against the named parties alone." MCR 3.501(D)(2) provides that a "judgment entered before certification of a class binds only the named parties." While these provisions do not directly apply in this case,[3] they lend

---

[3] Plaintiff's reliance on MCR 3.501(B)(3)(e) is incorrect because the trial court did not deny class certification. In the *Bergin* case, the trial

further support to our interpretation that plaintiff, as an unnamed putative class member, was not bound by the orders in the *Bergin* case.

For these reasons, we conclude that MCR 3.501 affords no support for defendants' claim that plaintiff's class action allegations were barred by the March 10, 2011 order in the *Bergin* case. However, we further note as significant the fact that the trial court in the *Bergin* case did not rule on the merits of the class certification in the *Bergin* case. Prior class actions that have been uncertified for a reason that was not substantive should not preclude subsequent actions. See *Cowles*, 476 Mich at 30 (holding that the named plaintiff's claim was tolled because the "initial class action was decertified on grounds other than the appropriateness of the substantive claims for class treatment"). Here, the trial court in the *Bergin* case never ruled on the merits of the class certification and dismissed only for procedural deficiencies in the *Bergin* case.

We also agree with plaintiff that the United States Supreme Court's decision in *Smith v Bayer Corp*, 564 US ___; 131 S Ct 2368; 180 L Ed 2d 341 (2011), lends further support to our ruling. While Michigan courts are not bound by federal decisions regarding requirements for class actions, our Court finds it "reasonable to conclude that similar purposes, goals, and cautions are applicable to both" because "Michigan's requirements for class certification are nearly identical to the federal requirements . . . ." *Henry*, 484 Mich at 499. In *Smith*, the Court addressed the principle that "[a] court's judgment binds only the parties to a suit, subject to a handful of discrete and limited exceptions" in

court denied Bergin's motion to extend the time to file a motion for class certification, but did not deny a motion for class certification.

relation to class actions.[4] *Smith*, 564 US at ___; 131 S Ct at 2379; 180 L Ed 2d at 353. The *Smith* case involved two West Virginia class action lawsuits with similar claims and classes, but with different named plaintiffs, one in federal court and one in state court. *Id*. at ___; 131 S Ct at 2373; 180 L Ed 2d at 346-347. After the federal court denied class certification and dismissed the federal case, the defendants requested that the federal court enjoin the state court from considering class certification. *Id*. at ___; 131 S Ct at 2374; 180 L Ed 2d at 347-349. The federal court granted the request, and the United States Supreme Court ultimately reversed the decision. *Id*. at ___; 131 S Ct at 2374, 2379-2380; 180 L Ed 2d at 348, 353-354. The Court rejected the argument that an unnamed class member may be a party to a class action before certification of the class or after the denial of class certification. *Id*. at ___; 131 S Ct at 2379-2380; 180 L Ed 2d at 353-354. "Neither a proposed class action nor a rejected class action may bind nonparties." *Id*. at ___; 131 S Ct at 2380; 180 L Ed 2d at 354. While we acknowledge that *Smith* did not interpret MCR 3.501 or present facts identical to the current case, we do find that the discussion supports our holding that plaintiff, as an unnamed putative class member in the *Bergin* case, is not bound by orders and decisions from the *Bergin* case.

Defendants make several unsuccessful arguments in support of their position that we now address. First, we note that defendants rely heavily on the fact that the same counsel represented Raymond Bergin and plaintiff in the two cases. Although the trial court expressed concern that the same counsel represented both Bergin

---

[4] In *Taylor v Sturgell*, 553 US 880, 893-895; 128 S Ct 2161; 171 L Ed 2d 155 (2008), the Supreme Court discussed the types of exceptions that can bind a nonparty, none of which are applicable here.

and plaintiff, the conditions imposed on the dismissal of the *Bergin* case are silent with respect to counsel. We also do not agree that plaintiff's retaining the same attorney from the *Bergin* case to file her class action is dispositive, especially in light of the fact that plaintiff was an unnamed putative class member in the *Bergin* action.

Defendants also assert that allowing another potential representative party (such as plaintiff Hanton) to file a class action suit following Bergin's failure to timely move for class certification would render the time limitations in MCR 3.501(B) meaningless. Defendants rely on this Court's decision in *Hill v City of Warren*, 276 Mich App 299, 306; 740 NW2d 706 (2007), which explained that the purpose of MCR 3.501(B)(1) is to "prevent cases from remaining pending for extended periods without the propriety of a class action being raised." (Quotation marks and citation omitted.) We do not agree with defendants that the purpose of MCR 3.501(B) is rendered meaningless by allowing more than one complaint containing similar class action allegations. Every complaint filed is subject to the 91-day deadline. Additionally, this Court has held that more than one complaint is permitted. *Badeen*, 300 Mich App at 440. Our holding is further supported by the reasoning in *Smith*, where the United States Supreme Court rejected a similar argument. In *Smith*, the defendant argued that only binding the named plaintiff to an order denying class certification would result in " 'serial relitigation.' " *Smith*, 564 US at ___; 131 S Ct at 2381; 180 L Ed 2d at 355. The Court rejected that argument and held that there were other approaches, including "*stare decisis* and comity," that were more appropriate to avoid this result other than binding nonparties to a judgment. *Id.* Again, we note the

distinctions between the current case and *Smith*, but find the reasoning in *Smith* to be applicable and persuasive.

Defendants also suggest that plaintiff could have intervened in the *Bergin* case under MCR 3.501(A)(4), which provides that "[c]*lass members* have the right to intervene in the action, subject to the authority of the court to regulate the orderly course of the action" (emphasis added). Here, plaintiff was not a class member because the class was not certified. Thus, plaintiff could not have intervened in the *Bergin* case pursuant to MCR 3.501(A)(4) because there was no class certification, and, thus, she was not a class member. Moreover, a class member does not have any duty to take note of or to exercise any responsibility with respect to the lawsuit before the class is certified. *Cowles*, 476 Mich at 18.

Finally, defendants present caselaw that they believe supports their claim that unnamed parties can be bound by orders from prior litigation. Many of these cases involve the tolling of the statute of limitations, which the parties agree is not at issue here. Therefore, we do not address these cases. Defendants also relied on *Robinson v Dep't of Transp*, 120 Mich App 656; 327 NW2d 317 (1981), in support of their claim that plaintiff cannot refile a class action to avoid the application of a court rule. In *Robinson*, the trial court dismissed the plaintiffs' case and request for injunctive relief because there was a separate case in another county where the same relief had been requested and denied. *Id.* at 657-659. We do not agree that *Robinson* is applicable to the instant case. *Robinson* involved a request for injunctive relief, as opposed to class certification, and a court rule specifically barred injunctive relief where a previous application on the matter had been denied. *Id.* at 661. The additional cases cited by

defendants involved situations where there was a decision regarding class certification on the merits, which we have already noted was not decided in this case. Therefore, we do not find those cases persuasive with regard to the issue.

Plaintiff next argues that, even assuming that the March 10, 2011 order in the *Bergin* case bound plaintiff in the present class action, the plain language of the order would not apply to plaintiff's claim. Because we hold that plaintiff was not bound by the *Bergin* order as an unnamed putative class member, we do not address whether the specific language of the order applied to this case.

We also reject defendants' argument that we should decide the merits of plaintiff's motion for class certification. An appellee may argue alternative grounds for affirmance without filing a cross-appeal if the appellee does not seek a more favorable decision. *Middlebrooks v Wayne Co*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994). However, considering that this Court's grant of plaintiff's application for leave to appeal was "limited to the issues raised in the application and supporting brief," and that plaintiff did not raise an issue concerning the merits of her motion for class certification, we conclude that this issue is not properly before us. *Anne M Hanton Trust Dated May 18, 2006 v Hantz Fin Servs Inc*, unpublished order of the Court of Appeals, entered April 26, 2013 (Docket No. 314889). In addition, our consideration of this issue would be premature because the trial court has not yet addressed the merits of plaintiff's motion for class certification. "The analysis a court must undertake regarding class certification may involve making both factual findings and discretionary decisions." *Mich Ass'n of Chiropractors*, 300 Mich App at 559.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, the prevailing party, may tax costs. MCR 7.219.

HOEKSTRA, P.J., and WILDER, J., concurred with FORT HOOD, J.