*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARTIN SHORTER,

        Plaintiff-Appellant,

v

PALMER PARK ASSOCIATES, LLC, doing business as PARKWAY APARTMENTS,

        Defendant,

and

SILVERSIDE MANAGEMENT, LLC,

        Defendant-Appellee.

UNPUBLISHED
November 21, 2019

No. 342982
Wayne Circuit Court
LC No. 17-000731-NO

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Plaintiff, Martin Shorter, appeals the trial court's order granting summary disposition in favor of defendant, Silverside Management, LLC, pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We reverse and remand for proceedings consistent with this opinion.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

This case arises out of injuries Shorter sustained while visiting Parkway Apartments, an apartment building managed by Silverside Management. At some time between midnight on March 12, 2014, and 1:00 a.m. on March 13, 2014, Shorter was escorting his fiancée's mother, Barbara MaGee, into the Parkway Apartment building where she lived as a tenant. Shorter and MaGee entered the Parkway Apartment building through the front door, which opened without issue. After Shorter opened the door, however, it became lodged open and remained in an open position throughout the time that Shorter was in the building escorting MaGee to her apartment. As Shorter was leaving the Parkway Apartment building, he stopped in the threshold of the front door in order to respond to MaGee, who had thanked him and wished him goodnight. As Shorter

was exiting the threshold, the door closed abruptly and struck him in the back. The force created by the closing of the door caused him to fall and land on his neck. Shorter's fiancée at the time, Mareatha Price, witnessed Shorter's fall, helped him stand up, and drove him home. The next day, Shorter went to the hospital to seek medical attention for his injuries. He subsequently filed a premises liability action.

At the close of discovery, Silverside Management filed a motion for summary disposition. In relevant part, Silverside Management argued that Shorter could not present evidence to support that Silverside Management had actual or constructive notice of the allegedly defective front door of the Parkway Apartment building. Shorter opposed the motion, arguing that a question of fact remained as to whether Silverside Management had notice of the defect in question. To support this argument, Shorter produced the affidavits of MaGee and Price. Following oral arguments, the trial court granted Silverside Management's motion for summary disposition, in relevant part, based on a finding that Shorter failed to create a genuine issue of material fact that Silverside Management had actual or constructive notice of the alleged defect.[1] Shorter filed a timely motion for reconsideration from that decision, which the trial court denied. This appeal followed.[2]

## II. ANALYSIS

On appeal, Shorter argues that the trial court improperly granted Silverside Management's motion for summary disposition because the evidence presented was sufficient to establish a genuine issue of material fact as to whether Silverside Management had constructive notice of the defective front door in the Parkway Apartment building. We agree.

---

[1] The trial court also dismissed Shorter's general negligence claim pursuant to MCR 2.116(C)(8) (failure to state a claim) based on a finding that the claim sounded in premises liability. Shorter does not challenge that decision on appeal.

[2] Silverside Management contends that this Court lacks jurisdiction to hear this appeal because the orders from which Shorter appeals are not final orders as defined by MCR 7.202(6)(a). This argument is based on assertions that Shorter's claim against Palmer Park Associates, LLC, had not been resolved at the time the orders granting Silverside Management's motion for summary disposition and denying Shorter's motion for reconsideration were entered. We conclude that Silverside Management's argument is without legal merit because, at the time the trial court entered the order granting Silverside Management's motion for summary disposition, Palmer Park had been deemed dismissed from the case for lack of service of process. See MCR 2.102(E); *Peterson v Auto Owners Ins Co*, 274 Mich App 407, 413; 733 NW2d 413 (2007). Accordingly, the order granting summary disposition in favor of Silverside Management resolved all of the pending claims and constituted a final order. See MCR 7.202(6)(a)(*i*). After Shorter's motion for reconsideration was denied by the trial court, Shorter filed a timely claim of appeal. See MCR 7.104(A)(2). Consequently, Silverside Management's argument that we lack jurisdiction over the instant appeal is without merit.

"This court reviews de novo a trial court's decision on a motion for summary disposition." *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A summary disposition motion filed under MCR 2.116(C)(10) "tests the factual adequacy of a complaint on the basis of the entire record, including affidavits, depositions, admissions, or other documentary evidence." *Id.* "Summary disposition may be granted under MCR 2.116(C)(10) when there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Bullard v Oakwood Annapolis Hosp*, 308 Mich App 403, 408; 864 NW2d 591 (2014) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gorman*, 302 Mich App at 116 (quotation marks and citation omitted).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The duty owed to a plaintiff depends on the plaintiff's status on the land. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). The determination of the status of the visitor depends primarily on the purpose of the premises possessor in inviting the visitor onto the premises. *Kosmalski v St John's Lutheran Church*, 261 Mich App 56, 60-61; 680 NW2d 50 (2004). In this case, there is no dispute that Shorter was an invitee while he was at Parkway Apartments.

The duty owed by the premises possessor to an invitee is the exercise of reasonable care to warn or protect an invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v Ameritech*, 464 Mich 512, 516; 629 NW2d 384 (2001). That duty of care is breached when the premises possessor "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (quotation marks and citation omitted). The premises possessor must have had either actual or constructive notice of the condition at issue. *Id.* at 10. To be entitled to summary disposition, the premises possessor need not go beyond showing the insufficiency of the plaintiff's evidence and the premises possessor is not required "to present evidence of a routine or reasonable inspection . . . to prove a . . . *lack* of constructive notice of a dangerous condition on [the] property." *Id.* (emphasis added). Thus, a defendant can prevail on a motion for summary disposition if the plaintiff fails to present sufficient evidence of notice. *Id.*

In this case, Shorter does not assert on appeal that Silverside Management had actual notice of the alleged defect. Rather, Shorter claims that the nature of the defect was such that Silverside Management should be deemed to have had constructive knowledge of the defect. A premises possessor's constructive notice of a defective condition on the land may be found where that condition "is of such a character or has existed 'a sufficient length of time that he should have knowledge of it.'" *Id.* at 10, quoting *Carpenter v Herpolsheimer's Co*, 278 Mich 697, 698; 271 NW 575 (1937). Thus, "[c]onstructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Banks v Exxon Mobil Corp*, 477 Mich 983, 983; 725 NW2d 455 (2007). "Generally, the question of whether a defect has existed a sufficient length of time and under circumstances

that the defendant is deemed to have notice is a question of fact, and not a question of law." *Id*. at 984.

We conclude that Shorter has offered sufficient evidence to create a genuine issue of material fact as to whether Silverside Management had constructive notice of the condition of the front door at Parkway Apartments which caused his injuries. The door at issue in this case was made of metal or steel. MaGee's affidavit supports that, when she became a tenant of Parkway Apartments in 2009, she noted that the door in question was difficult to open, and that it closed with a great amount of force and pressure. The force created by the closing of the door was so great that, after MaGee moved into a unit that was in close proximity to the door, she could hear "the loud banging and thud of the door opening and closing whenever a tenant or guest" exited or entered the building from the front door. At one point, MaGee was knocked onto the walkway outside of the threshold after being struck by the door. According to MaGee's affidavit, she is aware of other residents who were struck by the front door, including one tenant who had his or her hand "smashed" by the door. Price's affidavit supports that, as a frequent visitor at Parkway Apartments between 2009 and 2014, she often heard a "loud thundering slam" and experienced the walls vibrate when the front door closed. There were also numerous marks, scratches, and chips on the door, which appeared to be caused by the door striking other objects. Importantly, Silverside Management does not dispute that the door described in Price and MaGee's affidavits was the same door that caused Shorter's injuries in March 2014. Based on this evidence, we conclude that Shorter presented sufficient evidence such that a reasonable jury could find from the considerable passage of time and the nature of the condition involved that a reasonable premises possessor should have discovered the defect. Accordingly, the trial court erred by granting summary disposition in favor of Silverside Management based on a finding that Silverside Management lacked notice. See *Gorman*, 302 Mich App at 115.

Silverside Management argues, as an alternative ground for affirmance, that the trial court correctly granted summary disposition because Shorter failed to raise a genuine issue of material fact as to the existence of a dangerous condition.[3] When considering whether a premises possessor has breached the duty of care by failing to fix, guard against, or warn of a dangerous condition on the premises, it must first be determined whether the condition in question was dangerous. See *Prebenda v Tartaglia*, 245 Mich App 168, 170; 627 NW2d 610 (2001). "If no reasonable factfinder could conclude that such a dangerous condition existed, summary disposition is warranted without further review." *Id*.

In *Prebenda*, 245 Mich App at 170, this Court considered whether there was a question of fact as to whether a windowless door created a dangerous condition on the defendant's land. In that case, the plaintiff was injured in the defendant's apartment complex when she attempted to pull a door open and was struck by the door as a resident pushed it open from the other side.

---

[3] "An appellee may argue alternative grounds for affirmance without filing a cross-appeal if the appellee does not seek a more favorable decision." *Hanton v Hantz Fin Servs, Inc*, 306 Mich App 654, 669; 858 NW2d 481 (2014). Silverside Management may properly argue this issue without having filed a cross-appeal because it does not seek a more favorable decision.

*Id*. at 169. The plaintiff argued "that the door was dangerously faulty because it had no window allowing people on each side to see one another." *Id*. at 170. This Court disagreed, holding that the plaintiff did not encounter a dangerous condition at the time of the accident, but instead encountered a commonplace and ordinary door. *Id*. In doing so, the Court affirmed the trial court's order granting the defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). *Id*. at 169.

The facts in this case are distinguishable from those in *Prebenda*. As already stated, the door at issue in this case was made of metal or steel. Record evidence supports that the door was difficult to open and close, and required a great amount of force and pressure to operate. There also was evidence produced that the force and pressure created by the door closing was very loud and caused walls to shake. The door had numerous marks, scratches, and chips, which appeared to have been caused by the door striking other objects. Indeed, MaGee provided evidence that she had been knocked into the walkway after being struck by the door; and she was aware of other residents who had been struck by the door, including one tenant who had his or her hand "smashed" by the door. Thus, unlike the plaintiff in *Prebenda*, who simply presented evidence regarding the state of a commonplace door, Shorter presented evidence regarding the abnormal manner in which the Parkway Apartment front door closed and the potential harm the door posed to individuals who used the door. Therefore, we conclude that a question of fact existed such that a reasonable juror could find that the condition of the door created a dangerous condition. Consequently, Silverside Management's argument that summary disposition was proper because Shorter failed to establish a genuine issue of material fact that the door amounted to a dangerous condition is without factual support.

In sum, after considering the evidence in a light most favorable to Shorter as the nonmoving party, we conclude that Shorter presented sufficient evidence to create a question of fact as to whether Silverside Management had constructive notice of the dangerous condition of the door at issue. Consequently, the trial court erred by granting Silverside Management's motion for summary disposition, and we reverse and remand to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro